**EASTERN AUTO DISTRIBUTORS, INC., Plaintiff,**

**v.**

**PEUGEOT MOTORS OF AMERICA, INC., Defendant.**

**Civ. A. No. 81–733–N.**

United States District Court, E.D. Virginia, Norfolk Division.

Oct. 18, 1982.

Wayne Lustig, Judith M. Zeigler, Guy, Cromwell, Betz & Lustig, Virginia Beach, Va., for plaintiff.

Conrad M. Shumadine, John Y. Pearson, Jr., Bruce T. Bishop, Willcox, Savage, Dickson, Hollis & Eley, Norfolk, Va., for defendant.

MEMORANDUM, OPINION AND ORDER

DOUMAR, District Judge.

This matter is before the Court on the motion of the plaintiff, Eastern Auto Dis-

---

**8.** No contention is made that the fees are ex- cessive.

tributors, Inc. (EAD), to compel the production of certain documents from the defendants, Peugeot Motors of America, Inc. (PMA), and Automobiles Peugeot, S.A. (AP), in the above-styled action. For the purpose of this order, the Court considers only that part of the plaintiff's motion that requests the production of the income tax returns of defendant AP. The Court reserves for a later date its ruling on the balance of the plaintiff's motion, which requests the production of a document which the defendant PMA asserts is privileged as a communication between attorney and client.

## BACKGROUND

The plaintiff EAD's cause of action in this case is brought under theories of antitrust, conspiracy and breach of contract, for which EAD claims punitive damages. EAD believes the tax returns would facilitate the disentanglement of a conglomerate web of the defendant AP's subsidiaries and personnel, with the goal of establishing the jurisdictional reach of this Court. In addition, EAD attempts to show the financial condition of defendant AP incident to the claim for punitive damages. Defendant AP opposes production of the returns, on the grounds that: tax returns enjoy a "qualified" privilege from discovery; information the plaintiff seeks from the tax returns is readily obtainable from other sources; and that the request, as phrased, is overly broad and is unduly burdensome. The parties have briefed the issue, and it now is ripe for resolution.

## NATURE OF PRIVILEGE OF TAX RETURNS

■ The issue of whether income tax returns enjoy any privilege from discovery appears to be one of first impression before this Court. While the few courts that have addressed this issue vary in the breadth of the protection given tax returns, they have not recognized the existence of a general privilege against disclosure. *Premium Service Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225 (9th Cir.1975); *Eglin Federal*

*Credit Union v. Cantor Fitzgerald Securities Corp.,* 91 F.R.D. 414 (N.D.Ga.1981); *Biliske v. American Livestock Insurance Co.,* 73 F.R.D. 124 (W.D.Okl.1977); *Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.,* 40 F.R.D. 480 (D.S.C. 1966); *Reeves v. Pennsylvania R. Co.,* 80 F.Supp. 107 (D.Del.1948). Rather, a "qualified" privilege emerges from the case law that disfavors the disclosure of income tax returns as a matter of general federal policy. *Premium Service Corp. v. Sperry & Hutchinson Co., supra, Credit Life Insurance Co. v. Uniworld Ins. Co.,* 94 F.R.D. 113, 120 (S.D.Ohio 1982); *Tele-Radio Systems, Ltd. v. DeForest Electronics, Inc.,* 92 F.R.D. 371 (D.N.J.1981); *Smith v. Bader,* 83 F.R.D. 437, 438 (S.D.N.Y.1979); *Maldonado v. St. Croix Discount, Inc.,* 77 F.R.D. 501 (D.V.I., St. Croix 1978); *Payne v. Howard,* 75 F.R.D. 465 (D.D.C.1977); *Shaver v. Yacht Outward Bound,* 71 F.R.D. 561, 563 (N.D.Ill. 1976); *Federal Savings and Loan Ins. Corp. v. Krueger,* 55 F.R.D. 512 (N.D.Ill.1972); *Wiesenberger v. W.E. Hutton & Co.,* 35 F.R.D. 556 (S.D.N.Y.1964).

This qualified privilege may be overcome, however, in "appropriate circumstances". *Heathman v. United States District Court,* 503 F.2d 1032, 1035 (9th Cir.1974); *Fulenwider v. Wheeler,* 262 F.2d 97, 99 (5th Cir. 1958); *Eglin Federal Credit Union v. Cantor Fitzgerald Securities Corp., supra,* at 416; *Payne v. Howard, supra,* at 469–470; *Richland Wholesale Liquors, Inc. v. Joseph E. Seagram & Sons, supra,* at 482–483; *Cooper v. Hallgarten & Co.,* 34 F.R.D. 482 (S.D.N.Y.1964).

## TEST FOR APPROPRIATE CIRCUMSTANCES

■ Several courts have adopted a two-prong test to guide them in their determination of the appropriate circumstances in which the qualified privilege of tax returns is overcome. That is to say, in order to compel the disclosure of tax returns, the court must be shown that the information sought from the returns bears some relevance to the subject matter of the litigation; and that the information sought from

the returns is not readily obtainable from other sources. *Eglin Fed. Credit Union v. Cantor Fitzgerald Securities Corp., supra; Tele-Radio Systems v. DeForest, supra; Smith v. Bader, supra; Maldonado v. St. Croix Discount, Inc., supra; Biliske v. American Livestock Ins. Co., supra; Federal Savings and Loan Corp. v. Krueger, supra at 515; Richland Wholesale Liquors v. Jos. Seagram & Sons, supra; Cooper v. Hallgarten & Co., supra.* This Court adopts that test.

 In the instant case, plaintiff EAD alleges that defendant AP's tax returns are relevant to the subject matter of the litigation because the financial information contained therein will provide evidence needed for the Court to determine whether it may assert jurisdiction over the defendants; and because the amount of the defendants' income is in issue due to EAD's request for exemplary damages.

Where the income of a party to the litigation is in issue, income tax returns provide what, in this Court's opinion, may be the best source of complete and competent information as to that party's income. In such circumstances, the courts have not been hesitant to find that the information sought bears some relevance to the litigation. *Heathman v. U.S. District Court, supra; Credit Life Ins. Corp. v. Uniworld, supra at 120–121; Federal Savings & Loan Corp. v. Krueger, supra.* Once the party seeking production has made the required showing of relevancy, as has been made by the plaintiff EAD herein, the burden then shifts to the party opposing production to show that sources other than the tax returns exist from which the information sought may readily be obtainable. *Biliske v. American Livestock Ins. Co., supra* at 126.

Defendant AP proffers that several sources other than their income tax returns may contain the information sought by

EAD. These sources include filings with what appear to be official and semi-official French governmental agencies.[1] Based on this proffer by the defendant, it appears to the Court that the information which plaintiff EAD seeks may readily be obtainable without the need to order the disclosure of defendant AP's tax returns. The plaintiff's motion to compel the production of the defendant's tax returns, therefore, is DENIED. If, however, a good faith examination of the purported alternate sources of information does not disclose the information sought, the plaintiff is invited to return to this Court and to renew its motion for production at that time.

IT IS SO ORDERED.

---

1. Several alternate sources for the information sought are listed in the defendant's memorandum in opposition to this motion, e.g., annual, semi-annual and quarterly reports filed by the defendant with Commission des Operations de Bourse—a French regulatory and oversight agency; official French commercial newspapers; and the defendant's published annual reports. Defendants' Memorandum at 2.