UNITED STATES of America, Plaintiff,

v.

The BONANNO ORGANIZED CRIME FAMILY OF LA COSA NOSTRA, et al., Defendants.

No. CV–87–2974.

United States District Court, E.D. New York.

March 25, 1988.

Peter R. Ginsberg, Thomas A. Carr, Asst. U.S. Attys., for U.S.

Judd Burstein, P.C., New York City, for Anthony Spero.

Joseph R. Benfante, New York City, for Gabriel Infanti.

Gerald B. Lefcourt, P.C., New York City, for Anthony Riela.

Gustave H. Newman, P.C., New York City, for Michael Sabella.

Benjamin Ruggiero, pro se.

Robert M. Simels, New York City, for Nicholas Marangello and William Rodini.

Richard Ware Levitt, New York City, for Joseph Bonanno.

Michael J. Coyle, Stanley A. Teilter, P.C., New York City, for Philip Rastelli.

Ronald P. Fischetti, Fischetti & Pomerantz, New York City, for Joseph Massino.

Wallace Musoff, New York City, for Louis Attanasio.

John J. Pollok, Todtman, Hoffman, Epstein, Young, Goldstein, Tunick & Pollok, P.C., New York City, for Alfred Embarrato, Frank Lino and Anthony Graziano.

Joel A. Pisano, Schwartz, Pisano, Simon & Edelstein, Livingston, N.J., for Belleville Motor Lodge, Inc.

Sharon A. Flood, New York City, for James Vincent Bracco.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

▮ The government has applied for review of the Order of Magistrate A. Simon Chrein, dated September 18, 1987, which purports to grant a motion by defendant Anthony Spero for a protective order to preclude the production of Mr. Spero's tax returns on the ground of privilege. The Order refers to "the arguments of counsel made on the record on September 11, 1987." A review of the transcript of the September 11th proceedings before Magistrate Chrein ("Tr."), however, indicates that the parties' arguments concerned Spero's motion to stay discovery in this action so as to permit him to file a motion to dismiss.[1] There is no indication in the transcript of the September 11th proceedings or in the record of this action that Spero had applied for a protective order or that the government had moved to compel production of Spero's tax returns. The parties' briefs submitted in connection with the Court's review of the Magistrate's Order are at odds as to who was the moving party. (Spero Brief at 2–3 & n. 2; Government Reply Brief at 3.) While the Court recognizes that formal discovery motions are not appropriate as a first resort under Civil Rule 3 and Standing Order 6 of this Court, it is nevertheless necessary for a discovery dispute to be before the Magistrate for the Magistrate to rule on the discovery issue.

Here, the government informed Magistrate Chrein that it had requested, in a document demand, that Spero produce his tax returns (Tr. at 26), and Magistrate Chrein *sua sponte* held that Spero's tax returns were not discoverable (Tr. at 26). The Court holds that the Magistrate's Order was clearly erroneous because it was prematurely issued without reference to any application by the parties. The Order must therefore be set aside under Rule 72(a), Fed.R.Civ.P.

▮ Even if Spero had moved for a protective order, the Court finds that Magistrate Chrein's Order was clearly erroneous and contrary to law because the Magistrate applied an incorrect legal standard. Magistrate Chrein held that "Tax returns are not discoverable in civil litigation unless the taxpayer makes an issue of— there's a very lengthy body of case law—

---

1. Such motion was granted by the Court on September 18, 1987.

unless the taxpayer makes an issue of his earnings." (Tr. at 26; see Tr. at 27) Although the United States Court of Appeals for the Second Circuit has not yet established the standard by which courts should determine whether to enforce civil discovery requests for tax returns, the district court opinions in this Circuit and elsewhere generally do not *require* that the party resisting discovery have made an issue of his income for his tax returns to be discoverable.[2]

■■■ Tax returns in the possession of the taxpayer are not immune to civil discovery. *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218–19, 82 S.Ct. 289, 295–96, 7 L.Ed.2d 240 (1961). While Magistrate Chrein spoke of a "qualified privilege" for tax returns in civil discovery, Tr. at 26; *see also Eastern Auto Distributors, Inc. v. Peugeot Motors*, 96 F.R.D. 147, 148 (E.D.Va.1982), judicial consensus is that, while tax returns are not privileged, courts, as a matter of policy, should be cautious in ordering their disclosure. *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y.1985); *see Tillman v. Lincoln Warehouse Corp.*, No. 83–5381 (S.D.N.Y. Mar. 12, 1987) [available on WESTLAW, 1987 WL 7933] (LEXIS, Genfed library, Dist file); *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y.1979); *see also Eglin Federal Credit Union v. Cantor, Fitzgerald Securities Corp.*, 91 F.R.D. 414, 416 (N.D.Ga. 1981); *Mitsui & Co. (U.S.A.) Inc. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72, 80–81 (D.P.R.1978). The policy concerns are based upon "a balancing of the policy of liberal discovery against the policy of maintaining confidentiality of tax returns." *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. at 547 (citing *Sharp v. Coopers & Lybrand*, 83 F.R.D. 343, 352 (E.D.Pa. 1979)); *Tillman v. Lincoln Warehouse Corp.*, No. 83–5381. The court in *Smith v. Bader*, 83 F.R.D. at 438 described the poli-

cy favoring confidentiality as follows: "The historic trend seems to stem in part from the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns."

To order disclosure of tax returns, a court should be satisfied that a two-prong test has been met:

[F]irst, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.

*S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. at 547; *accord Tillman v. Lincoln Warehouse Corp.*, No. 83–5381; *Smith v. Bader*, 83 F.R.D. at 438; *see Eastern Auto Distributors, Inc. v. Peugeot Motors*, 96 F.R.D. at 148–49. While the party seeking discovery of the tax returns bears the burden of establishing relevance, the party resisting disclosure should bear the burden of establishing alternative sources for the information. *Eastern Auto Distributors, Inc. v. Peugeot Motors*, 96 F.R.D. at 149; *see S.E.C. v. Cymaticolor Corp.*, 106 F.R. D. at 547–48; *Biliske v. American Live Stock Insurance Co.*, 73 F.R.D. 124, 126 n. 1 (W.D.Okla.1977). *But see Eglin Federal Credit Union v. Cantor, Fitzgerald Securities Corp.*, 91 F.R.D. at 416–17 (burden to prove both prongs apparently on party seeking discovery).

■■■ Spero's tax returns are clearly relevant to the government's allegations in this action. The government alleges that Spero is the Consigliere and Acting Boss of the Bonanno Organized Crime Family, an alleged racketeering enterprise. (Amended Verified Complaint ¶¶ 4, 10) The government also alleges that Spero has received

---

**2.** A party's placing his income at issue may provide equitable grounds for requiring that party to disclose his tax returns. *See Smith v. Bader*, 83 F.R.D. 437, 438, 439 (S.D.N.Y.1979); *Beaty v. Basic Resources International S.A.*, No. 81–6189 (S.D.N.Y.Apr. 29, 1985) [available on WESTLAW, 1985 WL 1074] (LEXIS, Genfed library, Dist file); *Mitsui & Co. (U.S.A.), Inc. v.*

*Puerto Rico Water Resources Authority*, 79 F.R. D. 72, 81 (D.P.R.1978); *Shaver v. Yacht Outward Bound*, 71 F.R.D. 561, 563–64 (N.D.Ill. 1976). This is apparently an alternative ground for disclosure if the two-prong test discussed, *infra*, is not met. *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 548 n. 2 (S.D.N.Y.1985)

and is currently receiving income from racketeering activity conducted by the Bonanno Organized Crime Family and has used and invested and is using and investing that income to acquire, establish, and operate the Big Apple Car and/or E.Z. Two Way Radio Corporation in violation of 18 U.S.C. § 1962(a). (Amended Verified Complaint ¶¶ 90–93)

The government seeks Spero's tax returns in support of its contentions "that Spero did not have adequate income from legitimate sources to purchase or operate Big Apple" and "that Spero has no legitimate business or commercial dealings with the other defendants in the instant action." (Government Application for District Court Review of Magistrate's Ruling at 6). Under Rule 26, Fed.R.Civ.P., Spero's tax returns are relevant to the source of Spero's income and the nature of his business contacts with other defendants.

Spero has not demonstrated that the information sought by the government is available from other sources. In a letter to the Court dated November 16, 1987, Spero's counsel argues that, because the government filed a verified complaint in this action, "the government must already be in possession of the information which it believes to be contained in defendant Spero's tax returns." This argument is sophistry. While the government may have sufficient information for the Assistant U.S. Attorney to certify that he believed the allegations contained in the complaint to be true,[3] there is no indication that the information available to the government would be an adequate substitute for Spero's tax returns on the issue of the source of Spero's income and the nature of his business dealings with other defendants in a preliminary or permanent injunction hearing. Both prongs of the standard for ordering the disclosure of tax returns in civil discovery have thus been satisfied.

Magistrate Chrein's Order of September 18, 1987, precluding the production of de-

---

**3.** On the limited role of verified pleadings as proof see 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1335 (1969); *see also* 11 C.

fendant Anthony Spero's tax returns on the ground of privilege, is therefore set aside.

SO ORDERED.

Wright & A. Miller, *Federal Practice & Procedure*, §§ 2952, 2949 (1973).