Lance **RUSSELL, Donna Brown and Community Housing Opportunities, Inc., d/b/a Suffolk Housing Services, Plaintiffs,**

v.

**Robert DEL VECCHIO, Defendant.**

**No. CV 90–3543.**

United States District Court, E.D. New York.

June 4, 1991.

---

Steel, Bellman & Ritz, P.C. by Richard F. Bellman, New York City, for plaintiffs.

Schapiro & Reich, by Steven Schapiro, Lindenhurst, N.Y., for defendant.

WEXLER, District Judge.

In the above-referenced action, plaintiffs sue defendant pursuant to the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, alleging discrimination with respect to rental housing. In an Order dated April 5, 1991, United States Magistrate Judge David F. Jordan denied plaintiffs' motion to compel discovery of defendant's income tax returns for the last two years. Currently before the court is plaintiffs' objection to that Order, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. For the reasons stated below, the Order of the Magistrate is affirmed.

Briefly stated, plaintiffs seek production of the tax records in order to obtain information with respect to defendant's investment in the subject property real estate for the relevant two-year period. Plaintiffs claim that the information is needed for their punitive damages claim against defen-

dant. In his decision, the Magistrate noted the two-prong test often applied to applications such as the one at bar. *See S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y.1985). According to *Cymaticolor*, it must first be found that the tax returns are relevant and, as a second issue, there must be a compelling need for the returns owing to the fact that the information is not "otherwise readily obtainable." *Id.; see also U.S. v. Bonanno*, 119 F.R.D. 625, 627 (E.D.N.Y.1988). Although the Magistrate found the returns to be relevant, he determined that plaintiffs failed to show a compelling need.

It is argued that the Magistrate incorrectly placed on plaintiffs the burden to show a compelling need. *See Bonanno*, 119 F.R.D. at 627. However, defendant points out that the issue of defendant's income or assets was not even raised by plaintiffs at deposition. *See* Defendant's Memo at 4. In addition, there is no suggestion that plaintiffs have attempted to obtain the information through the use of any other less intrusive discovery device. Accordingly, at this stage of the proceedings, and in light of the fact that defendant has noted plaintiffs' failure to even attempt to gain the information by way of other means, this Court does not find the Magistrate's Order to have been "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also Com–Tech Assocs. v. Computer Assocs. Int'l*, 753 F.Supp. 1078, 1099 (E.D.N.Y.1990).

In addition, the Court notes that, for the purpose of seeking punitive damages, it does not appear that defendant in the case at bar has denied the ability to pay such an award. In other words, until defendant affirmatively places his income—or ability to pay—at issue by disclaiming the ability to pay punitive damages, it appears premature for plaintiffs to seek discovery of defendant's income tax returns. In the Court's view, defendant would bear the burden of showing alternative sources for the information regarding his income when the issue is created, and not at this stage. *See Bonanno*, 119 F.R.D. at 627. Accordingly, for all the reasons discussed above,

the Order of the Magistrate dated April 5, 1991, is hereby affirmed.

SO ORDERED.