**In re AMERICAN MOTOR CLUB, INC., Debtor.**

**John SENISE, Plaintiff,**

**v.**

**AMERICAN MOTOR CLUB, Marie Neu and British Insurance Management Company, Ltd., Defendants.**

Bankruptcy No. 887–70763–260.
Adv. No. 189–0027–260.

United States Bankruptcy Court,
E.D. New York.

July 29, 1991.

Berkman, Henoch, Peterson, Kadin, Peddy & Scarcella by Louis A. Scarcella, Garden City, N.Y., for debtor.

Rosner & Goodman by Jonathan L. Rosner, New York City, for defendant Marie Neu.

Weg & Myers by Frank A. Weg, New York City, for plaintiff John Senise.

## DECISION ON AMERICAN MOTOR CLUB'S MOTION TO COMPEL DISCOVERY

CONRAD B. DUBERSTEIN, Chief Judge.

Before the Court is Defendant American Motor Club's (hereinafter "AMC" or "Defendant" or "Debtor") motion to compel discovery of plaintiff John Senise (hereinafter "Senise") and codefendant Marie Neu (hereinafter "Neu").[1] For the reasons set forth below, the motion is granted.

---

1. On April 30, 1991, this Court signed an order with the consent of the Debtor, *inter alia,* for the following:

ORDERED, that the [Official] Committee [of Unsecured Creditors] be, and it hereby is authorized and empowered, as is reasonably necessary or appropriate, to prosecute, defend, compromise or settle, release or abandon any claim or cause of action asserted or assertable by or against the Debtor in connection with any adversary proceedings in the Bankruptcy Court, or any other actions or proceedings in judicial or arbitration forums, including but not limited to actions presently pending and/or to be commenced in the Supreme Courts of the State of New York; and it is further

ORDERED, that the Committee be, and it hereby is, substituted as the party plaintiff or defendant, as the case may be, in all pending litigation concerning the Debtor, whether pending in the Bankruptcy Court, the Supreme courts of the State of New York, arbitration forums or other judicial forums....

This Court recognizes that the Committee is authorized and empowered to defend the Debtor in the within adversary proceeding. However, the caption for this adversary proceeding has not been changed so as to substitute the Committee as Defendant in place of the Debtor, as none of the allegations are lodged against the Committee.

## FACTS

Defendant AMC, a New York corporation was in the business of selling automobile pre-paid collision service contracts to New York residents. A decision of the Supreme Court, State of New York, New York County, dated January 14, 1987, held that the contracts constituted an illegal insurance business. By order and Judgment dated April 18, 1987, AMC was permanently enjoined from engaging in the business of repairing or compensating consumers for motor vehicles damaged as a result of accident or theft, and was assessed a penalty of $5,001,000.00 for its violation of New York State Insurance Law. Shortly thereafter, on May 19, 1987, AMC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

The within adversary proceeding was commenced in or about March 1989.

Defendant British Insurance Management Company, Ltd. ("BIM"), a corporation organized and existing under the laws of the Turks and Caicos Islands, is the owner of the stock of AMC. Plaintiff Senise, Defendant Neu and Neu's husband Nicolas Neu, were directors of AMC.

## THE COMPLAINT

Count I of the complaint alleged that for good and valuable consideration AMC executed and delivered a mortgage (the "Mortgage") on certain real property of the Debtor and note ("Note") for $300,000.00 with interest accruing at the rate of twelve percent per year in favor of Senise and Neu. Furthermore, it was alleged that AMC defaulted on the Mortgage and Note, and thus the entire amount became due. Senise also contended that a substantial amount is owing and he is entitled to immediate payment.

The property which was the subject of the Mortgage was sold pursuant to an order of this Court dated August 14, 1987.[2] Senise alleged that there is an order of this Court that the proceeds of the sale are to be held by the Debtor, and that he has a superior and prior lien and interest in those proceeds. This Court has been unable to locate such order.

In Count II of the complaint it is alleged that AMC and BIM entered into an agreement with Senise in which AMC and BIM agreed to hold Senise harmless, and indemnify him against all liability, cost and expense in regard to any restitution ordered by any court and any claims and/or suits against Senise, arising out of the business of AMC. Senise alleged that he has and is involved in such suits and claims of restitution have been made against him. Furthermore, he is being forced to incur and has incurred extensive attorney's fees and costs and expenses by reason thereof. Senise claims that pursuant to that agreement he is entitled to have AMC and/or BIM indemnify him.

## THE ANSWER

Defendant AMC interposed an answer which included 15 affirmative defenses. The first seven affirmative defenses are also counterclaims against Senise and cross-claims against codefendant Neu. Affirmative defenses eight, nine and ten operate as counterclaims against Senise.

Briefly stated, Affirmative Defenses, Counterclaims against Senise, and Cross-claims against Neu one through six, assert that the delivery to Neu and Senise of the Mortgage and Note constituted either a fraudulent conveyance or a preference.

Affirmative Defense, Counterclaim against Senise and Cross–Claim Against Neu number seven, alleges that by causing the execution of the Mortgage and the Note, Neu and Senise engaged in illegal self-dealing in direct violation of their fiduciary duty as directors to deal fairly and impartially with AMC and its creditors, hence any claim of Neu or Senise should be subordinated.

Affirmative Defense and Counterclaim Against Senise eight and nine, assert that the mortgage is void.

---

2. The order was signed by Honorable C. Albert Parente, the Bankruptcy Judge assigned to the case at the time.

Affirmative Defense and Counterclaim Against Senise number ten, alleges that inasmuch as Senise violated his fiduciary duty by wasting corporate assets and breaching his fiduciary duty to AMC, this Court should subordinate the claims of Senise arising out of the indemnification agreements to assure that injustice or unfairness is not done in the administration of this case.

Affirmative Defenses eleven through fifteen, claim that Senise's claims for indemnification should be barred: (a) since the acts for which indemnification is sought were committed in bad faith and were the result of active and deliberate dishonesty of Senise; (b) since Senise personally gained a financial profit or other advantage to which he was not legally entitled; (c) since no determination has been made that Senise acted in accordance with the standards of conduct set forth in N.Y. Business Corporations Law §§ 721 and 722[3]; and, (e) since the alleged indemnification agreements are null, void and not binding upon AMC as they were not authorized by AMC's board of directors as required by AMC's bylaws.

## AMC'S REQUESTS FOR DISCOVERY

AMC served a First Set of Interrogatories Addressed to Neu; First Request for Production of Documents Addressed to Neu[4]; First Set of Interrogatories Addressed to Senise; and, First Request for Production of Documents Addressed to Senise.[5]

The interrogatories addressed to Neu and Senise were identical. Interrogatories numbered eleven and twelve state:

11. Identify all bank accounts, including, without limitation, checking accounts, savings accounts, money market accounts and certificates of deposit maintained by you at any time during the period January 1, 1984 through and including April 30, 1987 and identify all documents which refer or relate to said accounts.

---

3. N.Y. Business Corporation Law section 721 provides that no agreement to indemnify a director for the defense of any civil or criminal action shall be valid unless it is consistent with provisions of that Article. Section 722 of the same Article allows a corporation to indemnify its director unless the director is adjudged to have breached his duty to the corporation under section 717. N.Y.B.C.L. § 717 obligates a director to perform his duties in good faith and with the degree of care which an ordinary prudent person in a like position would use under similar circumstances.

4. The First Request for Document Production asks for Neu to produce the following:
*Request No. 1*
Produce any and all documents which refer to, relate to or evidence any monies purportedly loaned by Neu to AMC.
*Request No. 2*
Produce any and all documents which refer to, relate to or evidence the source of any monies purportedly loaned by Neu to AMC.
*Request No. 3*
Produce any and all documents which refer to, relate to or evidence the purported value received by AMC as consideration for the execution of the Note and/or Mortgage referred to in the complaint.
*Request No. 4*
Produce any and all documents identified in response to AMC's first set of interrogatories addressed to Neu.

5. The First Request for Document Production addressed to Senise asks for him to produce the following:
*Request No. 1*
Produce any and all documents which refer to, relate to or evidence any monies purportedly loaned by Plaintiff to AMC.
*Request No. 2*
Produce any and all documents which refer to, relate to or evidence the source of any monies purportedly loaned by plaintiff to AMC.
*Request No. 3*
Produce any and all documents which refer to, relate to or evidence the purported value received by AMC as consideration for the execution of the Note and/or Mortgage referred to in the Complaint.
*Request No. 4*
Produce any and all documents which refer or relate to the indemnification agreements referred to in the Complaint.
*Request No. 5*
Produce any and all drafts of the indemnification agreements referred to in the Complaint.
*Request No. 6*
Produce any and all documents which refer or relate to any costs, fees, disbursements or judgments for which indemnification is sought.
*Request No. 7*
Produce any and all documents identified in response to AMC's first set of interrogatories addressed to Plaintiff.

12. Identify all documents, referring or relating to your finances or financial status during the period January 1, 1984 through April 30, 1987, including, without limitation, financial statements, profit and loss statements, statements of assets and liabilities, statements of net worth and federal, state and local income tax returns.

Thereafter, Neu Served Answers To Interrogatories. Senise served a Response To Interrogatories and a Response To Request For Production Of Documents.

Both Neu and Senise objected to interrogatories eleven and twelve (the "Interrogatories"). Neu and Senise also formally objected to the Debtor's request for the production of documents. Nonetheless, both have produced some documents. Neu attached certain documents to her answers to the Interrogatories. Senise endeavored to comply with some requests for document production.

The Debtor thereupon moved this Court for an order pursuant to Federal Rule of Civil Procedure 37 made applicable to this proceeding through Bankruptcy Rule 7037 compelling Senise and Neu to fully comply with the Debtor's discovery request.

## ARGUMENTS OF THE PARTIES

In Senise's Response to Interrogatories dated July 19, 1989, he objected to the Interrogatories as "overbroad, irrelevant and used only for harassment." Furthermore Senise objected to the request for the production of income tax returns requested in interrogatory number 12 on the grounds of privilege.

Senise contended that the discovery sought in both the Interrogatories and the document requests are irrelevant and overbroad because they only pertain to the affirmative defenses and counterclaims asserted by the Debtor and those claims and defenses are inadequate. Specifically, Senise maintained that the allegation by the Debtor that monies lent by Senise to AMC were diverted by Senise has no basis in fact and all the counterclaims are evasive and conclusory.

Additionally, Senise claimed the document requests are overbroad in that each request for documents seeks "'any and all' documents without particular designation of the documents sought or reasonable identification thereof." Response of John B. Senise to AMC's Request for Production of Documents at 2 (emphasis added).

Furthermore, Senise claimed the Interrogatories and document requests are only interposed to harass him. He notes that he has already been subjected to a lengthy and thorough examination pursuant to Bankruptcy Rule 2004 and still the Debtor cannot come up with more than conclusory allegations nor can it identify any offending bank account or document. "Hence to the extent that documents have already, in the course of investigation, 2004 examinations or otherwise been produced to AMC, the document requests are objected to as being unjust, unequitable [sic] and made only for the purpose of harassment and delay." Response of John B. Senise to AMC's Request for Production of Documents at 2. Moreover, he contends that the interposition of the defenses to the Mortgage and Note were made only for the purpose of pressuring Senise by withholding the funds due him.

Finally, Senise objected to the production of tax returns on the basis of privilege. Senise contended that if the tax returns are not privileged, AMC must satisfy a heavy burden before they need be produced.

Neu objected to the Interrogatories on the grounds that they seek irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence. Neu did not assert that any of the information requested was privileged.

Like Senise, she argued the information requested in the Interrogatories could only be relevant to the various cross-claims and defenses. She further maintained that those claims are "alleged in the most conclusory fashion, premised on information and belief." Neu's Affidavit In Opposition [To] Motion To Compel Discovery at 2. She also contended that the claims merely assert that the mortgage was executed, acknowledged and delivered without ade-

quate consideration and to defraud AMC's creditors, therefore any information regarding her finances or bank accounts have no bearing on the cross-claims asserted against her by the Debtor.

Neu also claimed the Interrogatories are overbroad. She points out that the Mortgage and Note were executed on December 23, 1986 and the petition for relief under Chapter 11 was filed in this court on May 19, 1987. Nonetheless, AMC now seeks discovery for a three and half year period, commencing January 1984 through April 1987.

Neu objected to the Request for Production of Documents on the grounds that before she need produce those documents, AMC "must 'make a clear showing that the documents are relevant to the issues involved in the litigation' and 'demonstrate that inspection of the documents to be produced is in some specific way necessary for its adequate trial preparation. Neu's Affidavit in Opposition [To] Motion To Compel Discovery at 4 (quoting *Pioneer Hi–Bred Int., Inc. v. Holden's Foundation Seeds, Inc.*, 105 F.R.D. 76, 82 (N.D.Ind.1985). She contended that AMC has failed to satisfy that burden.

Finally, Neu claimed it would be an intolerable and needless burden to furnish complete and accurate answers to the Interrogatories as well as provide copies of all documents identified in the answers to those Interrogatories as requested in Document Request number four. Moreover, she asserted there is no reasonable definition of what documents are sought.

The Debtor contended that both Neu and Senise have wrongfully refused to answer these Interrogatories. It maintained that notwithstanding Neu and Senise's objections, they should be compelled to answer the Interrogatories because the information sought is relevant to, and likely to lead to relevant information concerning AMC's defenses, counterclaims, and cross-claims. Moreover, the Debtor claimed the production of the documents requested in the Interrogatories are necessary inasmuch as the Debtor has reason to believe that the monies purportedly lent to AMC are in fact traceable to funds diverted by certain people including Neu and Senise.

## DISCUSSION

The scope of what is discoverable is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure made applicable to this adversary proceeding through Bankruptcy Rule 7026(b)(1). That Rule states:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Federal Rule of Civil Procedure 26(b) has been generally construed to provide a great deal of latitude for discovery. *See Harry v. Nelson*, 394 U.S. 286, 297, 89 S.Ct. 1082, 1089, 22 L.Ed.2d 281 (1947).

One basis for which Neu and Senise object to the Interrogatories is relevance. Whether discovery is relevant "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). It is widely recognized that the scope of relevancy in the discovery stage of a proceeding is broader than the general admissibility requirements of evidence at trial. *See Liew v. Breen*, 640 F.2d 1046, 1049 (9th Cir.1981); *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 127 (N.D.N.Y.1984); *Independent Productions Corp. v. Loews Inc.*, 30 F.R.D. 377, 381 (S.D.N.Y.1962).

█ Neu and Senise claim that the discovery requested only goes to issues raised

by the various cross and counter-claims and such claims are groundless. Objections to the Interrogatories based on the supposed inadequacy of the cross-claims and counter-claims are misplaced. Rule 26(b) specifically states that a party may take discovery as to any claim or defense. Furthermore "[d]iscovery is not to be denied because it relates to a claim or defense that is being challenged as insufficient." Wright & Miller, 8 Federal Practice and Procedure § 2008 at 44 (1970). "[I]t is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken." *Oppenheimer*, 437 U.S. at 350, 98 S.Ct. at 2389. Although in some instances it may be appropriate to delay discovery until a determination has been made to strike certain claims or defenses, this is not such a case. The counterclaims and cross-claims at issue here will stand or fall based upon the fruits of discovery. Hence it is necessary to allow the Debtor to proceed with discovery before there is a determination on whether or not to strike any or all of the affirmative defenses, cross-claims or counterclaims.

■ Furthermore, this Court rejects the argument that the information requested is objectionable on the grounds it is not calculated to lead to the discovery of admissible evidence. The affirmative defenses, cross-claims and counterclaims allege that Neu and Senise engaged in self-dealing and that they diverted funds belonging to AMC for their own personal use. The Interrogatories request information regarding the bank accounts and finances of Neu and Senise. An examination of those records will either belie or substantiate the Debtors allegations, depending on whether monies can be traced from AMC to Neu or Senise's personal accounts. The Interrogatories are relevant to the various cross-claims and counterclaims and calculated to unearth evidence supporting the Debtor's allegations. Therefore, this court holds that the objections of Neu and Senise to interrogatories eleven and twelve on the basis of relevance are overruled.

■ Neu's argument that she need not comply with the document request unless AMC makes a clear showing that the documents are relevant and demonstrates that the documents sought are in some specific way necessary for adequate trial preparation is erroneous. Neu quotes *Pioneer Hi-Bred*, 105 F.R.D. at 82, to support that proposition. The quote is taken completely out of context. The language which Neu refers to only applies if the documents "sought would disclose trade secrets or confidential business information." *Id.* at 82. Neu has not made any claim that by disclosing the documents she would reveal sensitive business secrets. Rule 34 "is as broad in scope as any of the discovery devices and.... The rule authorizes the broadest sweep of access, inspection, examination, testing, copying, and photographing of documents of objects in the possession or control of another party." Wright & Miller, 8 Federal Practice and Procedure § 2206 at 607 (1970).

■ Both Neu and Senise have objected to the Interrogatories and document requests on the grounds of overbreadth.

Neu objected to all document requests on the grounds they are overbroad. The four requests specifically ask for documents related to monies loaned by Neu to AMC, the source of those monies, the value received by AMC in consideration for the Note and Mortgage, and any documents referred to in any answer to the Interrogatories. Although these requests are broad in the sense that they may lead to the production of a large number of documents, the requests are tailored to the issues raised in this case and are therefore not overbroad.

■ Neu's claim that the interrogatories are overbroad because they ask for documents for a three year period is well taken. It is unclear from the Debtor's papers why there is need for the bank records or financial information for a span of over three years. Nonetheless, Neu and Senise's financial condition prior to the execution of the Mortgage is relevant. Therefore this Court will require Neu and Senise to furnish information and documents concerning their bank accounts and finances from December 23, 1985 to May 19, 1987, the date the petition for relief was filed, a

date one year prior to the execution of the mortgage.

■ Neu also objected to the document requests on the grounds that they did not give a reasonable definition of what documents were sought. Similarly, Senise claimed the document requests lacked the requisite specificity, in that they sought "any and all" documents without particular designation or reasonable identification of the documents sought.[6]

The "[r]easonable particularity requirement under this rule providing that production of documents must describe items to be produced with reasonable particularity, is not susceptible to exact definition; what is reasonably particular is dependant upon facts and circumstances in each case." *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348, 354 (S.D.N.Y.1973). This Court finds the document requests are reasonably specific. It is undisputed that one need not designate a particular document in order for it to be produced. It is more important that the discovering party designate what information is desired than designating the document that may contain the information. *See United States v. Alkali Export Association, Inc.*, 7 F.R.D. 256 (D.C.N.Y.1945) (Allowing request for the production of all letters, memoranda, and reports relating to a number of general fields of inquiry). In this case AMC has indicated in each document request the specific topic on which information is sought.

■ Neu and Senise both contend that the Interrogatories are burdensome. Neu also claims that the interrogatories and requests for document production should be disallowed as it would be an intolerable and needless burden to furnish complete and accurate answers to interrogatories and also provide documents.

"In determining whether a discovery request is burdensome the court must weigh the burden to the producing party against the need of the party seeking the informa-

tion." *Cook v. United States*, 109 F.R.D. 81, 85 (E.D.N.Y.1985).

The Debtor does have need for the production of Neu's and Senise's financial records and documents regarding their bank accounts. These documents may provide the Debtor with the only means of establishing that money belonging to the Debtor was diverted by Neu and Senise for their personal use.

Neither Senise nor Neu provide any facts to support the contention that the act of producing the documents would present an undue burden. There is no claim that there are too many documents to produce, that locating the documents would be difficult, or that document production would be costly or time consuming. Therefore, considering the substantial need of the Debtor and the small burden on Neu and Senise, this Court concludes that those document requests are not unduly burdensome and are allowed.

■ Senise further objected to the Interrogatories and document requests on the grounds that they are only interposed for purposes of harassment. He claims that he has been subjected to a lengthy examination and has produced documents pursuant to Rule 2004 and therefore should not be subjected to additional discovery. This Court is mindful that Senise may have produced some documents in connection with the Rule 2004 examination. Under other circumstances this court would not make Senise produce those documents a second time pursuant to a Request for Production of Documents. However, considering this Court's recent order authorizing and empowering the Unsecured Creditors Committee to take over the defense of the Debtor as well as the prosecution of the cross and counterclaims, this court will not allow Senise to hold back documents on the grounds they were already produced to the Debtor in the course of a Rule 2004 examination.

■ Senise's final objection to the requested discovery is that he need not produce his tax returns on the basis of privi-

---

**6.** The Court notes that all the document requests begin with a request for any and all documents. Hence, Senise could be objecting to all document requests. Nonetheless, Senise has pro-

duced documents pertaining to all document requests except number seven. That request asks for all documents identified in AMC's first set of interrogatories.

lege. Senise claims the tax returns need not be produced unless the Debtor satisfies "a very, very strong showing of necessity and need". Senise's Affidavit In Opposition at page 5. Neu has not made any such claim of privilege.

It is well settled that tax returns do not enjoy an absolute privilege from discovery under Rule 34 of the Federal Rules of Civil Procedure. "[T]ax returns ... copies in the hands of the taxpayer are held subject to discovery." *St. Regis Paper Company v. United States*, 368 U.S. 208, 218, 82 S.Ct. 289, 295, 7 L.Ed.2d 240 (1961). There is, however, no absolute right to the discovery of tax returns.

In the Second Circuit, the majority of courts have applied a two prong test in considering the disclosure of tax returns. First, the tax returns should be relevant to the action. Second, the information contained therein may not be otherwise obtainable. *See Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y.1979); *U.S. v. Bonanno Organized Crime Family*, 119 F.R.D. 625, 627 (E.D.N.Y.1988); *Richards v. Stephens*, 118 F.R.D. 338 (S.D.N.Y.1988); *A.F.L. Falck, S.P.A. v. E.A. Karay Co., Inc.*, 131 F.R.D. 46, 48 (S.D.N.Y.1990); *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y.1985); *Heller et. al. v. Wofsey, Certilman Haft, Lebow & Balin*, No. 86 Civ 9867, Slip Op. at 2, 1988 WL 140762 (S.D.N.Y.1988) (available on Lexis, No. 14092); *Rohland v. Syn–Fuel Associates*, No. 89 Civ. 3325, Slip Op. at 1, 1990 WL 145015 (S.D.N.Y.1990) (available on Lexis No. 12640).

"[T]he party seeking discovery of the tax returns bears the burden of establishing relevance...." *U.S. v. Bonanno Organized Crime Family*, 119 F.R.D. at 627. AMC has alleged that monies purportedly lent to AMC are traceable to funds diverted by, among others, Senise and Neu. The returns are therefore relevant in this case as they may show how Senise and Neu treated or disposed of the allegedly misappropriated funds. Also by comparing Senise's and Neu's bank records and financial statements with the tax returns, the Debt-

or may be better able to trace any funds allegedly diverted from the Debtor.

"[T]he party resisting disclosure should bear the burden of establishing alternative sources for the information." *U.S. v. Bonanno Organized Crime Family*, 119 F.R.D. at 627. Neither Senise nor Neu have established that the information contained in the tax returns is otherwise readily obtainable. Hence the Debtor is entitled to discovery of Senise's tax returns to the extent set forth above.

## CONCLUSIONS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a) and (b) as it is a core proceeding concerning the administration of this case.

2. Interrogatories eleven and twelve contained in Debtors First Set of Interrogatories Addressed to Neu and First Set of Interrogatories Addressed to Senise are allowed to the extent that Neu and Senise are required to produce the information requested for the time period commencing December 23, 1985 and ending May 19, 1987.

3. Request number four contained in Request for Production of Documents Addressed to Neu and request number seven contained in Request for Production of Documents Addressed to Senise are allowed except that to the extent the requests ask for documents pertaining to interrogatories eleven and twelve. Neu and Senise need only produce documents related to interrogatories eleven and twelve for the time period commencing December 23, 1985 and ending May 19, 1987.

4. Senise and Neu are ordered to answer the interrogatories and comply with the requests for production of documents within 60 days of service of a copy of the order hereinafter referred to upon their attorneys, or as otherwise agreed.

5. The rights of the Debtor and/or the Official Committee of Unsecured Creditors to serve additional requests for disclosure are preserved.

6. Submit Order consistent with this Opinion.