In re Larry CUMMINS.

Thomas E. HAYS, Jr.; Larry Cummins Chevrolet, Inc.; Cummins Chevrolet & Geo, Inc.; and Coke Chevrolet Company, Plaintiffs,

v.

Larry CUMMINS, Defendant.

Larry CUMMINS, Counterclaimant,

v.

Thomas E. HAYS, Jr.; Larry Cummins Chevrolet, Inc.; Cummins Chevrolet & Geo, Inc.; and Coke Chevrolet Company, Counterclaim Defendants.

Bankruptcy Nos. 91–16453 S,
HS 91–453 S.
Adv. No. 92–6508.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

July 9, 1992.

William Waddell, Little Rock, Ark., for plaintiffs.

C. Richard Crockett, Little Rock, Ark., for debtor/defendant.

James Dowden, Little Rock, Ark., trustee.

John Belew, Batesville, Ark., U.S. Trust.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

MARY D. SCOTT, Bankruptcy Judge.

This cause is before the Court upon the plaintiff Thomas E. Hays, Jr.'s Motion for Protective Order, filed on June 24, 1992. Hays seeks protection from the Court regarding two discovery issues. First, Hays seeks protection from a discovery request which requires production of his income tax returns. Secondly, Hays seeks an Order stating that only one attorney for Cummins may examine him. The defendant has responded to the motion.

### Nature of the Action

This action was instituted by the plaintiffs, including Hays, by a complaint objecting to the debtor Larry Cummins' discharge in bankruptcy. All of the allegations of the complaint pertain to Cummins' actions in business relations with the plaintiffs. The personal finances of the plaintiff Hays are in no way implicated by the complaint. The debtor filed a counterclaim against the plaintiffs. The cause of action against Hays appears to be for tortious interference with a business or employment relationship, specifically, Cummins' employment relationship with the dealership plaintiffs. The counterclaim does not implicate the personal finances of Hays.

*The Income Tax Returns*

Cummins makes three contradictory and conclusory statements with regard to this issue. Cummins would:

(1) limit the request for production of returns to the year of the first contract between Hays and Cummins and all subsequent years;

(2) assert that the tax returns "are relevant, or may well lead to the discovery of evidence relating to issues raised by the Complaint or Counterclaim, and Defendant believes that information contained in such returns is not otherwise readily obtainable by Defendant"; and

(3) withdraw his request for production of the tax returns. Since the Court is unable to conclude with any certainty that the request for tax returns is in fact withdrawn, rendering the matter moot, the Court will address the issues raised.

■ It is well settled that income tax returns are not immune from civil discovery. *See St. Regis Paper Co. v. United States,* 368 U.S. 208, 218–19, 82 S.Ct. 289, 295, 7 L.Ed.2d 240 (1961); *United States v. Bonanno Organized Crime Family,* 119 F.R.D. 625, 627 (E.D.N.Y.1988). While some courts hold that income tax returns are protected by a qualified privilege, *Eastern Auto Distributorship, Inc. v. Peugeot Motors of America, Inc.,* 96 F.R.D. 147, 148 (E.D.Va.1982), other courts hold that returns are merely protected by federal policies of encouraging complete and accurate returns and protection of privacy interests, *see, e.g., Lemanik, S.A. v. McKinley Allsopp, Inc.,* 125 F.R.D. 602, 609 (S.D.N.Y.1989); *Bonanno,* 119 F.R.D. at 627.

In order to obtain a party's income tax returns, courts have generally questioned whether (1) the return is relevant to the proceeding; and (2) the information sought in the return is not readily available from other sources. *See, e.g., Eastern Auto,* 96 F.R.D. at 148–49. Other courts hold that the issue is whether the returns are rele-

vant. *See, e.g., Halperin v. Berlandi,* 114 F.R.D. 8, 11 (D.Mass.1986). Although this Court believes that the better view is that expressed by *Halperin,* it need not expressly decide the issue because the returns in this case are not relevant to the subject matter, nor likely to lead to the discovery of admissible evidence.

As in any discovery issue, the threshold issue is whether the information is relevant to the subject matter or will lead to the discovery of admissible evidence. *See* Fed. R.Civ.Proc. 26(b)(1).[1] Cummins has stated no reason why the tax returns are relevant. Cummins' bare assertion that the returns are relevant or may lead to the discovery of admissible evidence is insufficient to carry his burden in demonstrating that the protective order is inappropriate. *See Lemanik, S.A. v. McKinley Allsopp, Inc.,* 125 F.R.D. 602 (burden of proof is upon party seeking production of tax returns); *Bonanno,* 119 F.R.D. at 627.

In the instant case, Hays has requested that the court determine that Cummins' actions in dealings with him are sufficiently fraudulent so as to deny Cummins a discharge in bankruptcy. The focus of this action is upon the actions of Cummins in his dealings with the car dealerships and representations made by Cummins. The counterclaim against Hays is for tortious interference with business relations. The focus of this cause of action is upon Hays' particular actions in relation to Cummins and the car dealerships. In no way are the personal finances of Hays in issue in the adversary proceeding. Accordingly, the income tax returns of Hays are not discoverable. *See Henderson v. Zurn Industries, Inc.,* 131 F.R.D. 560, 562 (S.D.Ind.1990) (returns of doctor not discoverable in personal injury tort action); *Payne v. Howard,* 75 F.R.D. 465 (D.D.C.1977).

*Examination of Hays*

■ Hays requests that the Court direct that only one attorney for the defendant be allowed to question Hays at the deposition.

---

**1.** Rule 26 is made applicable to this proceeding by Rule 7026, Federal Rules of Bankruptcy Procedure.

Rule 30(c), Federal Rules of Civil Procedure, provides that "Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence." Rule 611(a), Federal Rules of Evidence, provide for the exercise of reasonable control by the court over the mode and order of interrogating witnesses. The Court agrees that examination by multiple attorneys representing one party may be oppressive. Cummins states that he "never intended that more than one lawyer for Defendant actually question" Hays at the deposition. Accordingly, the Court will direct that only one attorney for each party may examine or cross-examine Hays during his deposition.

ORDERED that the Motion for Protective Order, filed June 24, 1992, by Thomas E. Hays, Jr., is GRANTED.

IT IS SO ORDERED.