## In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

### MDL No. 1038.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 24, 1996.

Chris Parks of Parker and Parks, Port Arthur, TX, Roger Brosnahan of Brosnahan, Joseph & Suggs, Minneapolis, MN, and Turner Branch, Branch Law Firm, Alberquerque, NM, for Plaintiffs.

John W. Vardaman, F. Lane Heard III, Steve Farina of Willams & Connolly, Washington DC, and Paul W. Gertz, Larry Germer, Tonya Connell Adams of Germer & Gertz, Beaumont, TX, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF IRS AND SOCIAL SECURITY RECORDS

SCHELL, Chief Judge.

This matter is before the court on Defendants' Motion to Compel Production of IRS and Social Security Records and Employment Records, filed on December 6, 1996. Plaintiffs filed a response on December 19, 1996. Upon consideration of Defendants' motion, the memorandum in support of the motion, Plaintiffs' response, and applicable law, the court is of the opinion that Defendants' motion should be GRANTED.

■■■ Although none of the 5 bellwether plaintiffs [1] are making claims for lost wages, Defendants seek independent verification of Plaintiffs' employment history. The court is mindful of the fact that Plaintiffs have provided employment information through interrogatory answers, depositions, and document requests for employment records. Nevertheless, in some instances, these answers and produced documents have left some gaps in the employment history of one or more of the 5 bellwether plaintiffs. Therefore, given the importance of these bellwether trials; the fact that tax returns are not absolutely privi-

---

**11.** This statement applies only to Plaintiff, not to her attorneys.

**1.** The 5 bellwether plaintiffs are Jennifer Burton, Theresa Goins, Andrea Haught, Beverly McDaniel, and Kristy Youngblood.

leged;[2] the fact that any additional employers or employment periods revealed by these IRS and Social Security records may lead to relevant information regarding the Plaintiffs' daily work activities, performance, and attendance; the fact that production of the Plaintiffs' IRS and Social Security records will not be burdensome inasmuch as Plaintiffs' counsel are already in possession of such records; and the court's general philosophy that both sides should fully disclose all relevant information, Defendants' motion is GRANTED.

Therefore, the 5 bellwether plaintiffs shall produce the IRS and Social Security records for the period beginning ten (10) years before the date of their first Norplant insertion until the present. The court will consider Defendants' request to be granted leave to secure any previously unproduced employment records which may be discovered after production of the IRS and Social Security records upon appropriate motion and as future circumstances dictate.

---

**2.** *FDIC v. LeGrand,* 43 F.3d 163, 172 (5th Cir. 1995) (recognizing the following two-part test in determining whether tax returns should be produced: (1) the party seeking production of the documents must show their relevance to the inquiry; and (2) then, the burden shifts to the party opposing production to show that other sources exist from which the information contained in the income tax returns may be readily obtained); *see United States v. Bonanno,* 119 F.R.D. 625, 627 (E.D.N.Y.1988).