Maia **CAPLAN**

v.

**FELLHEIMER EICHEN BRAVERMAN & KASKEY and David Braverman.**

Civ. A. No. 94–7506.

United States District Court, E.D. Pennsylvania.

April 11, 1995.

Lisa E. Brody, William H. Ewing, and Carl Oxholm, III, Connolly, Epstein, Chicco, Foxman, Engelmyer and Ewing, Philadelphia, PA, for plaintiff.

Suzanne M. Bohannon, Carolyn P. Short, Kenneth M. Kolaski, Philip W. Newcomer, Reed, Smith, Shaw & McClay, Helen Mandel Braverman, Fellheimer, Eichen and Braverman, P.C., Philadelphia, PA, and Thomas A. Riley, Jr., Riley, Riper, Hollin & Colagreco, Paoli, PA, for defendants.

Linda A. Carpenter, McCann, Mailey & Geschke, Philadelphia, PA, for movant.

Gregory B. Heller, Litvin, Blumberg, Matusow & Young, movant pro se.

## MEMORANDUM

JOYNER, District Judge.

Non–Party Witness Linda Della Rocco has moved this Court for a protective order to preclude the second day of her deposition. She also seeks, presumably in the alternative, to ensure that only one attorney be permitted to take her deposition, as well as an order that Defendants must pay the costs she incurs pursuant to the second day of the deposition, and her costs in filing this motion.

The background of this motion can be summed up as follows. Ms. Della Rocco is not a party to this litigation, but is a key witness in it, and has a pending EEOC claim against defendants on many of the same events at issue in this litigation. Defendants David Braverman and the law firm of Fellheimer Eichen Braverman & Kaskey (the Firm) noticed Ms. Della Rocco's deposition for February 8, 1995, but due to scheduling conflicts, the deposition was postponed until February 22, 1995. At the time, the discovery deadline in the case was April 11, 1995.

Defendants' lead counsel, Carolyn Short, intended to take Ms. Della Rocco's deposition, but when Plaintiff Maia Caplan's deposition went longer than expected, Ms. Short arranged for her associate, Ken Kolaski, to begin Ms. Della Rocco's deposition. At the deposition, to which Ms. Della Rocco and her counsel, Timothy McCann, arrived forty minutes late, Ms. Della Rocco produced an 86–page chronological log of some of the events leading to this litigation. Ms. Short apparently instructed Mr. Kolaski not to ask questions regarding the log until she had had a chance to review it.

Mr. Kolaski spent the morning session of the deposition (from 10:40 a.m. to 12:25 p.m.) questioning Ms. Della Rocco on her previous work history. The afternoon session of the deposition (from 1:39 p.m. to 4:00 p.m.) was spent questioning Ms. Della Rocco about the sexual harassment she experienced at the Firm, as well as her general experience at the Firm.

At the end of the deposition, which ended at 4:00 p.m. to accommodate a personal appointment of Mr. McCann's, both Mr. McCann and Mr. Kolaski agreed that the deposition would continue the next day, even though Ms. Della Rocco had an early morning appointment that meant she could not guarantee she would be available at 9:00 a.m., and even though Mr. Kolaski had a scheduling conference in another case scheduled for around lunchtime.

After Mr. Kolaski and Mr. McCann made this agreement to continue the deposition the next day, Ms. Short entered the deposition room and, according to Ms. Della Rocco, announced to everyone present that because Ms. Caplan's deposition still had not ended, Ms. Della Rocco's deposition would be postponed until after Ms. Caplan's deposition had ended so that Ms. Short could complete Ms. Della Rocco's deposition. Defendants assert that the various scheduling difficulties made it sensible simply to postpone Ms. Della Rocco's deposition for a more convenient time. This motion has resulted.

First, Ms. Della Rocco requests that her deposition not be continued at all. Federal Rule of Civil Procedure 30(d)(3) provides that a court may terminate a deposition that is underway "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party." Ms. Della Rocco argues that Mr. Kolaski was instructed to "stall" the deposition "simply to allow Ms. Short the improper opportunity to resume the questioning." Della Rocco Br. at 4. She argues that Defendants' improper motive is apparent because after "two and a half hours of deposition questioning, no substantive questioning had occurred." *Id.* at 3. In her reply brief, she also argues that "Defendants are using the deposition to brow

beat Ms. Della Rocco and to intimidate her in the course of this litigation because she has a pending EEOC investigation against these defendants." Reply Brief at 1.

We note, first, that Ms. Della Rocco's math is incorrect; the deposition's morning session was only one hour and forty-five minutes long, due to her late arrival that morning. More importantly, our reading of the deposition transcript indicates that the morning session's questioning was substantive. Mr. Kolaski led Ms. Della Rocco through her previous work history, asking her whether disciplinary action had been taken against her at any of her previous jobs, and whether she had experienced sexual harassment at any of those jobs. These questions are relevant to the issues in this case. Further, Ms. Della Rocco presents no support for her assertion that the deposition is a tactic to harass her; rather, it appears that she is a vital witness to Ms. Caplan's case and so Defendants must take discovery of her.

Ms. Della Rocco also argues that the intent to stall is demonstrated by Ms. Short's instruction to Mr. Kolaski not to question Ms. Della Rocco on the log until Ms. Short had a chance to examine it. They assert that this necessarily meant that no substantive questioning could take place on the first day. This argument is belied by the fact that substantive questioning did take place on the first day. Ms. Della Rocco's further argument that Mr. Kolaski purposefully stalled the deposition by refusing to shorten the hour lunch break deserves very little weight considering that she herself arrived to the deposition forty minutes late.

Our reading of the deposition transcript, including the pages she has directed us to, does not support Ms. Della Rocco's assertion that the deposition was conducted in bad faith or in a manner to annoy, embarrass, or oppress her. Rather, it appears to be a fairly straightforward, albeit contentious, deposition on matters relevant to Ms. Caplan's

case. Accordingly, we find that Ms. Della Rocco has not made the showing required under Rule 30(d)(3) for a protective order. We additionally find that sanctions are inappropriate pursuant to Rule 30(d)(2).[1]

Ms. Della Rocco asks, in the alternative, that if her deposition does continue, that we order that it be continued by Mr. Kolaski, not Ms. Short. Ms. Della Rocco argues that under Federal Rule of Civil Procedure 30(c), depositions "may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615." (emphasis added). Rule of Evidence 611(a) gives the Court the power to control the mode and order of presenting evidence, and Local Rule of Civil Procedure 37(a) provides that at trial, "only one attorney for any party shall examine or cross-examine any witness, unless otherwise permitted by the Court." Ms. Della Rocco argues that the interaction of these Rules requires that when her deposition continues, Mr. Kolaski must be the attorney who takes it. At least two courts have made similar rulings based on these or similar rules. *Applied Telematics, Inc. v. Sprint Corp.*, No. 94–4603, 1995 WL 79237 at *4, 1995 U.S.Dist. Lexis 2191 at *11 (E.D.Pa. Feb. 22, 1995) (Naythons, M.J.); *In re Cummins*, 144 B.R. 426, 428 (Bankr.W.D.Ark. 1992).

Defendants argue that Ms. Della Rocco misconstrues Rule 30(c) because Rule 30(c) is designed to allow leading questions and the like, not govern who takes the deposition. Moreover, they argue that if Rule 30(c) does integrate Local Rule 37, the rules are only intended to prevent more than one attorney taking a deposition *at the same time.* They agree that this would be confusing to the witness.

We agree with Defendants, and accordingly, will not preclude an attorney other than Mr. Kolaski from continuing the deposition. Because this is not a trial or video-taped

---

1. We would deny costs for the second day in any event for the simple reason that Ms. Della Rocco's deposition was always scheduled to take two days. *See* Letter from Carl Oxholm, Esquire to Carolyn Short, Esquire, p. 1, dated Feb. 23, 1995. Indeed, the last recorded words of the deposition are:

Mr. McCann: Continue tomorrow?
Mr. Kolaski: Yes.

Because everyone contemplated at least a second day, there is no reason why Defendants should reimburse Ms. Della Rocco for that expense.

deposition, there is not as much need to relieve jury and witness confusion, which is the interest protected by Local Rule 37. We do rule, however, that only one attorney may ask questions at one time, because to have two attorneys conducting one examination would be confusing and could be harassing.

Accordingly, we will DENY Ms. Della Rocco's motion for a protective order in its entirety. We advise whomever Defendants select to continue the deposition to thoroughly review the existing transcript so that when the examination continues questions that have been asked and answered are not asked again and there is no time-consuming waste.