Nancy NARAGON, Plaintiff,

v.

The DAYTON POWER & LIGHT COMPANY, et al., Defendants.

No. C–3–95–472.

United States District Court, S.D. Ohio, Western Division.

July 13, 1996.

Ronald E. Schultz, Kimberly K. Hashbarger, Dyer, Garofalo, Mann & Schultz, Dayton, Ohio, for plaintiff.

Scott R. Thomas, Dinsmore & Shohl, Cincinnati, OH, Scott Rowland Thomas, Sean D. McMurtry, Furnier & Thomas, Cincinnati, OH, for defendant Dayton Power & Light Company.

Ralph Gary Winters, McCaslin, Imbus & McCaslin, Cincinnati, OH, Laura J. Murphy, McCaslin, Imbus & McCaslin, Cincinnati, OH, for defendant Henkels & McCoy Inc.

Frederick Gerald Cloppert, Jr., Stanley Lee Myers, Russell Earl Carnahan, Cloppert Portman Sauter Latanick & Foley, Columbus, OH, for defendant Local 71 International Brotherhood of Electrical Workers.

Gary Allen Snyder, Snyder, Rakay & Spicer, Dayton, OH, James David Utrecht, Troy, OH, Robert Michael O'Neal, Lang & O'Neal, Dayton, OH, for defendant American Line Builders Joint Apprenticeship and Training Committee.

## DECISION AND ORDER

MERZ, United States Magistrate Judge.

This case is before the Court upon Plaintiff's Motion to Remand this case to the Shelby County Common Pleas Court from which it was removed (Doc. # 44).

The relief sought in the motion is non-dispositive and therefore within the authority of a United States Magistrate Judge under 28 U.S.C. § 636(b), the statute under which this case was referred.

## POSITIONS OF THE PARTIES

The Motion is grounded in the Stipulation of Dismissal without Prejudice with Right to Refile within One Year (Doc. # 43) entered into between Plaintiff and Defendant IBEW. Plaintiff reasons that it was the federal question claim against IBEW in the original Complaint which made the case removable in the first place. Now that the claim against IBEW has been dismissed, Plaintiff asserts, "Shelby County Common Pleas Court is the proper venue over [sic] this matter."

Defendant Henkels & McCoy objects to remand (Doc. # 45). It asserts that Plaintiff's intention, once the case is remanded, is to take advantage of Ohio R.Civ.P. 41 which permits a Plaintiff to dismiss an action without prejudice without the consent of Defendants and without court permission at any time until trial is commenced. Henkels & McCoy asserts that considerable discovery has occurred in this case and that it is prepared, if jurisdiction is retained, to file a summary judgment motion.

Plaintiff replied to Henkels & McCoy's objections by filing her "Motion for Dismissal without Prejudice of Defendant IBEW under the Federal Rules of Civil Procedure, Rule 21 and/or Rule 41(a)(2) *and* Motion to Remand Case to State Court (Doc. # 49).

Plaintiff first agrees that Defendant IBEW cannot be dismissed by stipulation under Fed.R.Civ.P. 41, but asks for the Court to order its dismissal in accordance with the Stipulation. No party objects to this relief and Fed.R.Civ.P. 21 authorizes "dropping" a party "at any stage of the action and on such terms as are just." That portion of the Motion will be GRANTED.

As to remand, Plaintiff argues

Plaintiff attempted to work with *all* Defendants in this case to develop a workable dismissal of the entire action by stipulation with the rights of all parties protected under FRCP 41(a)(1).

Plaintiff gives no indication of why she wants to dismiss the action without prejudice and she has not asked the Court to dismiss the action without prejudice under Fed. R.Civ.P. 41(a)(2). Such a motion would require her to give reasons for the dismissal and be subject to "such terms and conditions as the court deems proper." Her failure to make such a motion gives credence to Henkels & McCoy's assertion, which she does not deny, that she intends upon remand to dismiss without prejudice under Ohio R.Civ.P. 41(A)(1).

As grounds for remand, Plaintiff asserts:

1. The only federal law issues in the case involved IBEW which is not an indispensable party to the Ohio statutory intentional tort claim against Henkels & McCoy.

2. There are no cross-claims among Defendants which require adjudication.

3. Henkels & McCoy did not join in the Notice of Removal.

4. Henkels & McCoy will not be prejudiced by remand because:

   1. It has not filed a motion for summary judgment.

   2. Remand will place it in the same position it was at the time of filing.

5. "Justice requires that she [Plaintiff] be afforded the protections provided in O.R.C. 2305.19 [Ohio Revised Code § 2305.19] to dismiss her case and refile her state law claims within one year."

## ANALYSIS

According to the Complaint, Plaintiff's decedent and spouse, Timothy Naragon, died of electrocution on November 9, 1993, while working for Henkels & McCoy on DP & L lines in Shelby County, Ohio. Plaintiff filed this action two years later on November 9,

1995, in the Shelby County Common Pleas Court, naming Henkels & McCoy, DP & L, IBEW, and the American Line Builders Joint Apprenticeship and Training Committee.[1]

IBEW removed the case to this Court December 15, 1995 (Notice of Removal, Doc. # 1). It asserted that all Defendants named and served in the state action joined in the removal (Id., ¶ 8) and that assertion has been unchallenged until now. It claimed this Court had subject matter jurisdiction over the entire case because the claim against IBEW arose under federal law (Id., ¶ 7) and that assertion has never been challenged.

■ Plaintiff does not cite any authority for her motion to remand, but one relevant statute is 28 U.S.C. § 1447(c) which provides in pertinent part:

A motion to remand on the basis of any defect in the removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

To the extent Plaintiff relies on Henkels & McCoy's asserted failure to joint in the Notice of Removal, that objection is untimely made.[2]

■ Plaintiff is thus **entitled** to remand only if this Court lacks subject matter jurisdiction. However, jurisdiction is tested as of the time of removal, not later. Wright, Miller, and Cooper, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction 2d, § 3739. At the time of removal, this Court plainly had juris-

diction because of the nature of Plaintiff's claim against IBEW, a point Plaintiff does not dispute. Thus Plaintiff is not entitled to remand under 28 U.S.C. § 1447(c)[3].

■ The Court has **discretion to remand** under the doctrine of *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). There the Supreme Court held a district court has discretion to remand a removed case when all federal claims have been dismissed and all that remains are state law claims within the pendent[4] jurisdiction of the federal courts, a description which fits this case. In exercising that discretion, the district courts are to consider the "principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine." 484 U.S. at 357, 108 S.Ct. at 623. They are also to consider whether a plaintiff has attempted to "manipulate the forum" by "deleting all federal-law claims from the complaint and requesting that the district court remand the case." *Id.* The Court held:

A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district court thus can guard against forum manipulation....

*Id.*

The principles of economy, convenience, fairness, and comity do not favor remand in this case.

---

1. A John Doe foreman was also named, but has not been identified or served.

2. As noted above, Henkels & McCoy claims in the Notice that all Defendants agreed. Plaintiff has tendered no evidence that is a false statement, although the Notice is signed only by Henkels' attorney.

3. Plaintiff is also not entitled to remand under 28 U.S.C. § 1441(c), which provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable

claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Plaintiff's claims other than the § 301 claim are not "separate and independent." Rather, since they share a "common nucleus of operative fact" with the § 301 claim, they are pendent to it. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

4. The pendent jurisdiction doctrine was codified at 28 U.S.C. § 1367 and renamed "supplemental jurisdiction" in 1990; the codification does not affect this analysis.

Delay of resolution of the case weighs heavily against remand. The incident in suit occurred November 9, 1993. Because Plaintiff delayed two years in filing suit, the earliest it could be set for trial in this Court was March, 1997, three and one-half years after the incident. If it were now remanded and dismissed and Plaintiff took full advantage of the one-year savings statute as she appears to wish to do, the case would not be tried until mid–1998, assuming the Shelby County Common Pleas Court has an average time to trial. Plaintiff has given no reasons which would justify putting this trial off until nearly five years after the incident in suit, and the accuracy of memory of eyewitnesses is not likely to improve with time.

Secondly, this Court and the parties have already invested substantial time in preparing this case for trial. While discovery done while the case was pending here would presumably continue to be somewhat useful in a refiled case, it might also have to be duplicated or at least supplemented. Here the discovery cut-off is about seventy-five days away and the scheduled deadline for summary judgment motions two weeks later. *See Conway v. Boston Edison Co.*, 745 F.Supp. 773 (D.Mass.1990) (remand inappropriate when case is ripe for summary judgment and remand would delay its disposition). Thus remand followed by Ohio R.Civ.P. 41(A)(1) dismissal would prejudice Henkels & McCoy precisely because, as Plaintiff asserts, "it would put them back in the identical position they were at the time of filing."[5]

Third, Plaintiff is plainly, almost confessedly, engaged in forum manipulation[6]. She wants the case remanded so that she can have the benefit of Ohio R.Civ.P. 41(A)(1) which permits her to dismiss without prejudice and without either the Common Pleas Court's agreement or Defendants' agreement. She does not have the benefit of that

rule here, since Fed.R.Civ.P. 41(a)(1) permits such a dismissal only before answer or summary judgment motion.

Fourth, denial of remand does not deprive Plaintiff of the benefit of the Ohio savings statute, Ohio Revised Code § 2305.19. If Plaintiff moved for dismissal under Fed. R.Civ.P. 41(a)(2) and the dismissal were granted, Plaintiff would still have the benefit of § 2305.19 by virtue of 28 U.S.C. § 1367(d) which provides:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after this dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed **unless State law provides for a longer tolling period.**

In this case, of course, Ohio provides a one-year tolling period. Thus this statute, in comity to Ohio public policy, protects Plaintiff's savings statute rights. The interests of comity do not weigh in favor of remand since Plaintiff will have the benefit of Ohio Revised Code § 2305.19 if she voluntarily dismisses in either this Court or the Common Pleas Court.

On the issue of fairness, if Plaintiff believes she needs more time to prepare this case for trial, she should make that case directly and move for voluntary dismissal under Fed.R.Civ.P. 41(a)(2) or for extension of discovery and a trial continuance. On such a motion, the Court can weigh her interests, plainly stated, against the interests of the Defendants in a prompt resolution of the case and protect the competing interests by conditioning the dismissal.

If what Plaintiff is asserting is that she is entitled in fairness and justice to the benefit of voluntary dismissal without prejudice, without stipulation, and without court ap-

---

5. Actually, it puts Henkels & McCoy in a worse position than they were at the time of filing because it in effect gives Plaintiff the benefit of a one-year extension on the Ohio statute of limitations involved.

6. The Court does not intend by use of the word "manipulation" to suggest Plaintiff's counsel has

done anything ethically improper by seeking the remand. "Manipulation" is Justice Marshall's word from *Carnegie–Mellon*. The Court recognizes counsel is attempting to protect Plaintiff's original choice of forum with the attendant procedural rights.

proval under Ohio R.Civ.P. 41(A)(1), this Court strongly disagrees.

At common law and under Ohio Revised Code § 2323.05, in force in Ohio until adoption of the Civil Rules in 1970, a plaintiff could take such a voluntary nonsuit at any time until the jury returned a verdict. See Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d, § 2363, n. 3. The right was necessary in a litigation context where there was no discovery and a plaintiff might discover after trial began that he or she was unable to prove a case. The Federal Rules of Civil Procedure, when adopted in 1938, provided for very liberal pretrial discovery and hence cut back plaintiff's right to voluntary nonsuit to the time when an answer was filed.[7]

When Ohio adopted the Civil Rules in 1970, it compromised and moved the cut-off time back to the commencement of trial. This timing gives plaintiffs a decided strategic advantage in Ohio practice: since defendants have no corollary right, a plaintiff can force a defendant to be fully prepared for trial without itself preparing and then dismiss on the morning of trial if the case does not settle[8], thereby gaining at least an additional year to prepare, because of Ohio Revised Code § 2305.19.[9] The organized plaintiffs' bar is well aware of this strategic advantage and has defended it vigorously: When the Ohio Supreme Court proposed in 1992 to move the cut-off back to a mere five days before trial, the Ohio Academy of Trial Lawyers threatened to use its considerable political power to have the General Assembly veto the entire package of Rules proposals for that year unless the 41(A)(1) amendment were withdrawn.

That Ohio R.Civ.P. 41(A)(1) grants plaintiffs a particular procedural right does not mean that the right is grounded in fairness and justice. Under current federal practice in this and most district courts, parties agree on a comprehensive scheduling order early in the case which requires timely disclosure of witnesses and trial preparation. Modification of a Rule 16 scheduling order requires some showing of good cause, as indeed does a voluntary dismissal under Fed.R.Civ.P. 41(a)(2). There is no fairness or justice in permitting a plaintiff unilaterally to tear up a scheduling order and start over.

### CONCLUSION

In accordance with the foregoing opinion, the Motion to Remand is DENIED. It is further hereby ORDERED that Defendant IBEW be dropped as a party to this action in accordance with the terms of its Stipulation, to wit, that this is without prejudice and stays for one year from the date of entry of this Order (i.e. until July 15, 1997) the applicable statute of limitations. Furthermore, IBEW has not waived its original statute of limitations defense, to wit, that the Complaint as originally filed is barred by the applicable six-month statute of limitations which applies to actions under § 301 of the Labor Management Relations Act.

---

7. Fed.R.Civ.P. 41 was later amended to add the filing of a summary judgment motion as an alternative cut-off point.

8. During 1991 testimony on a proposal to adopt Fed.R.Civ.P. 41(a)(1) in place of the present Ohio rule, the Ohio Supreme Court's Rule Advisory Committee heard from a Common Pleas judge that a prominent Toledo plaintiffs' medical malpractice firm had **never** gone to trial in his court on the first-set trial date; in the absence of settlement they had always dismissed on the morning of trial.

9. A voluntary dismissal under Ohio R.Civ.P. 41(A)(1) is a dismissal "otherwise than on the merit" and thus qualifies under Ohio Revised Code § 2305.19. *Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337 (1987).