**Andres SERRANO–MORAN, et al., Plaintiffs, Appellants,**

v.

**Dr. Jose GRAU–GAZTAMBIDE, et al., Defendants, Appellees.**

**No. 99–1513.**

United States Court of Appeals, First Circuit.

Heard Nov. 3, 1999.

Decided Nov. 15, 1999.

Antonio M. Bird, Jr. and Bird Bird & Hestres on brief for appellants.

Juan M. Masini–Soler and Law Offices of Jose A. Masini–Soler, Miguel F. Laffite and Dubon & Dubon, and Jose Enrique Otero and Otero & Lopez on brief for appellees.

Before LYNCH, Circuit Judge, CAMPBELL, Senior Circuit Judge, and O'TOOLE, District Judge.*

LYNCH, Circuit Judge.

Plaintiffs are the parents of Rufino Serrano–Rosado, who, it is alleged, was a mentally impaired individual who was kidnapped and beaten by four police officers on March 30, hospitalized on March 31, and then died on April 10, 1995. Plaintiffs say his death was a result of the beatings and of the malpractice of the hospital (and doctors) where he was brought for treatment. Plaintiffs brought suit in federal court against the police under 42 U.S.C. § 1983 and, asserting supplemental jurisdiction under 28 U.S.C. § 1367, against the medical defendants under state law theories. The medical defendants moved to dismiss under Fed.R.Civ.P. 12(b)(1), arguing that the claims against them did not arise from a common nucleus of operative facts so that supplemental jurisdiction was not available under § 1367(a), and that, even if it were, the court in its discretion should decline to exercise jurisdiction under § 1367(c).

The district court found that the claims against the medical defendants did not share a common nucleus of operative facts with the claims against the police because the facts relevant to the civil rights claim were entirely separate from the facts relevant to the malpractice claim, and because there was a temporal break between the two sets of facts. The case against the medical defendants was dismissed for lack of subject matter jurisdiction, without prejudice to refiling in the Commonwealth court. The district court ordered the entry of a separate judgment under Fed. R.Civ.P. 54(b).

On appeal plaintiffs say the dismissal of the claims against the medical defendants was error. Their primary argument is that each of the sets of defendants will point to the other as the cause of death and that this creates a common nucleus of operative facts, or, in any event, that the claims are sufficiently related such that trying the case to one jury is the most economic use of judicial resources. This point suggests that there may possibly be related evidence as to damages, but plaintiffs do not explain why this is necessarily so, and even the existence of such a possibility, it strikes us, may vary with the facts. A secondary argument is that the district court committed an error of law by putting too much emphasis on the lack of temporal proximity. Of course, if plaintiffs

* Of the District of Massachusetts, sitting by designation.

are left to try their claim in the courts of the Commonwealth of Puerto Rico, they will have no jury trial, but only a bench trial.

The parties agree that review of the decision is for abuse of discretion. *See Vera–Lozano v. International Broad.,* 50 F.3d 67, 70 (1st Cir.1995). These decisions turn on essentially fact-based assessments. The district court plainly did not abuse its discretion here. The facts and witnesses as to the two sets of claims are essentially different, not common, as the district court found. That there may be finger-pointing defenses, whether at the liability or damages stage, does not change this assessment, nor does the assessment change whether the temporal proximity is little or great. Whether or not the police violated Serrano–Rosado's civil rights has nothing to do with whether the hospital and doctors conformed to the requisite standard of care; damages is a separate issue.

*Affirmed.* Costs to appellees.