Luis A. PEDRAZA, Plaintiff,

v.

HOLIDAY HOUSEWARES, INC., Douglas Bingham, Marco Arguilla, Cindy Mohan, William Sakkinen and Dennis DeMuelle, Defendants.

No. CIV. A. 99–40030–NMG.

United States District Court, D. Massachusetts.

Sept. 20, 2001.

Hector E. Pineiro, Worcester, MA, for plaintiff.

William F. Joy, Jr., Joseph McConnell, Morgan, Brown & Joy, Joseph P. McConnell, Boston, MA, for defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

In the present action, Luis Pedraza ("Pedraza") alleges, *inter alia*, that his employer, Holiday Housewares, Inc. ("Holiday Housewares") and the individual defendants discriminated against him on the basis of his national origin and perceived sexual orientation, and that Holiday Housewares retaliated against him for filing a complaint with the

Massachusetts Commission Against Discrimination ("the MCAD") by firing him.

The following motions are currently pending before this Court:

1) Pedraza's Motion For Leave of Court to Take More than Twelve Depositions (Docket No. 25),

2) Defendants' Cross–Motion for a Protective Order (Docket No. 28),

3) Pedraza's Motion to Compel Answers to Interrogatories in order to be able to Calculate Punitive Damages (Docket No. 30) and

4) Pedraza's "Emergency Motion to Amend Complaint, Dismiss Federal Counts and Remand Entire Action to Worcester Superior Court" (Docket No. 34).

## I. *Pedraza's Motion For Leave of Court to Take More than Twelve Depositions (Docket No. 25)*

■ According to Pedraza, "revelations" made at recent depositions suggest that there is a pattern and practice of discrimination at Holiday Housewares and Plastican, Inc. ("Plastican"), a company not party to this litigation. According to Pedraza, Holiday Housewares and Plastican have a common president and some common management and at least five other lawsuits have been brought against those entities for discrimination based on national origin and/or sexual harassment.

Pedraza wishes to conduct depositions of at least some of these other complainants to show a pervasive pattern and practice of discrimination by the defendants in this lawsuit. Pedraza seeks to learn the basis of the other complainants' cases, who their alleged "tormentors" were, whether the "tormentors" were punished and whether the allegations of discrimination are sufficiently similar to Pedraza's such that they bolster his credibility. Pedraza states that six additional depositions need to be taken to prove such pattern and practice.[1]

---

1. As of the date the motion was filed, Pedraza asserts, in different pleadings, that 12 or 15 de- positions have been taken, while the defendants recall 13.

The defendants oppose Pedraza's motion on the grounds that further depositions would be unduly burdensome and irrelevant to the present suit. They point out that Pedraza has failed to allege or show that the decision-makers regarding his employment were in any way connected to the decision-makers involved in the other MCAD charges of discrimination filed against Plastican.

Rule 30(a) of the Federal Rules of Civil Procedure, provides, in pertinent part:

> (2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) . . . if, without the written stipulation of the parties,
>
>> (A) a proposed deposition would result in more than ten depositions being taken under this rule . . . by the plaintiffs, or by the defendants, or by third-party defendants.

Fed.R.Civ.P. 30(a). Rule 26(b)(2) provides, in applicable part, that discovery should be limited if the Court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2). Local Rule 26.1(C) of the Local Rules of the United States District Court for the District of Massachusetts provides, in pertinent part:

> (C) Discovery Event Limitations. Unless the judicial officer orders otherwise, the number of discovery events shall be limited to each side (or group of parties with a common interest) to ten (10) depositions . . .

In this case, Pedraza's motion bespeaks of a possible fishing expedition into what appear to be largely irrelevant issues of discrimination complaints made against a third party. Pedraza has failed to allege a connection between the defendants in this case and Plastican, other than his blanket statement that Plastican and Holiday Housewares have a common president and some common management. *See Joslin Dry Goods Co. v. EEOC*, 483 F.2d 178, 183–84 (10th Cir.1973) ("A vague possibility that loose and sweeping discovery might turn up something suggesting that the structuring of the [layoffs were] discriminatorily motivated does not show particularized need and likely relevance that would require moving discovery beyond the natural focus of the inquiry."). Moreover, even assuming that such a connection exists, Pedraza has failed even to argue how evidence of discriminatory conduct against other employees might be admissible in this case. Therefore, the motion to take additional depositions will be denied.

## II. Defendants' Cross–Motion for Protective Order (Docket No. 28)

In conjunction with their opposition to Pedraza's motion to take additional depositions, the defendants have filed a "Cross–Motion for a Protective Order" (Docket No. 28). They seek such an order to prevent Pedraza from conducting further discovery regarding MCAD charges of discrimination filed against Plastican. Because the Court has just informed the parties of its ruling on the converse motion, the defendants' cross-motion for protective order will be denied as moot.

## III. Pedraza's Motion to Compel Answers to Interrogatories in order to be able to Calculate Punitive Damages (Docket No. 30)

Pedraza seeks the schedules of the income tax returns and W–2 forms of the individual defendants from 1995 to the present. He contends he is entitled to such information because there is a factual basis for a punitive damage claim under Title VII.[2] He also asks

2. Although Pedraza no longer seeks relief under — Title VII, *see* Emergency Motion to Amend Com-

for sanctions to be imposed against the defendants because of their refusal to answer his initial interrogatory seeking that information.

The defendants contend that state tax returns are privileged and normally not subject to admission into evidence. They also argue that Pedraza has failed to show that the tax returns are relevant to this action or that the information contained in those returns is not otherwise obtainable.

■ The Second Circuit Court of Appeals has frequently followed the logic of *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 119 F.R.D. 625 (E.D.N.Y. 1988). That case established a two-prong test regarding the discoverability of tax returns: (1) they must be relevant to the action and (2) the information contained therein must be otherwise unobtainable. The burden to show relevancy lies on the party seeking the returns; the party resisting disclosure bears the burden of establishing alternative sources for the information. *Id.* at 627. The District of Massachusetts approaches requests for disclosure of income tax returns in the same spirit. *See Buntzman v. Springfield Redevelopment Authority*, 146 F.R.D. 30, 32 (D.Mass.1993), *citing Pogharian v. Croce*, C.A. 81–1307–F (D.Mass.1985) ("[w]here a party has put in issue the amount of [his] income, that party's tax returns or reasonable substitutes are discoverable").

In *Kemezy v. Peters*, 79 F.3d 33 (7th Cir. 1996), Judge Posner concluded that "none of [the purposes served by awarding punitive damages] depends critically on proof that the defendant's income or wealth exceeds some specified level" and, in upholding a jury award of compensatory and punitive damages, went on to find that the plaintiff was not required to introduce evidence of the defendant's net worth. *Kemezy*, 79 F.3d at 34.

■ In this case, Pedraza ostensibly seeks information regarding the individual defendants' net worth so as to inform the jury's consideration of punitive damages. The incursion into the defendants' privacy that would stem from the production of their tax returns is unjustified given (1) the tenuous link between the returns and the purpose to which Pedraza would put them and (2) the availability of similar information through alternative means (such as credit reporting agencies). Therefore, Pedraza's motion to compel will be denied.

## IV. Pedraza's "Emergency Motion to Amend Complaint, Dismiss Federal Counts and Remand Entire Action to Worcester Superior Court" (Docket No. 34)

Pursuant to Fed.R.Civ.P. 15, Pedraza moves to amend his complaint to dismiss voluntarily all federal claims for the violation of Title VII. He also seeks remand of the matter to state court for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c). The defendants oppose the amendment (and remand) on the grounds that Pedraza has already twice amended his complaint and has proffered no reason for the proposed current amendment other than a desire to avoid the federal forum.

### A. Whether Pedraza should be permitted to amend his complaint in order to dismiss all of his federal claims

This motion marks Pedraza's second attempt to amend the complaint since it has been in this Court. Pedraza initially filed suit in Worcester Superior Court on January 13, 1999. He amended the complaint the next day to correct a scrivener's error in the numeration of paragraphs. The defendants subsequently removed the case to this Court on February 19, 1999 and, more than one year later, Pedraza filed an Assented–To Motion to Amend to add pendent state claims

---

plaint, *infra*, the Massachusetts Anti–Discrimination Law, M.G.L. c. 151B, §§ 1 *et seq.* ("Chapter 151B") provides for punitive damages where a defendant's conduct warrants condemnation and deterrence because (1) it is outrageous, (2) results from defendant's evil motive or (3) connotes his reckless indifference to the rights of others.

*Dartt v. Browning–Ferris Industries, Inc.*, 427 Mass. 1, 16–17, 691 N.E.2d 526 (Mass.1998). Moreover, individual agents of an employer may be personally liable for violations of Chapter 151B. *See Ruffino v. State Street Bank and Trust Co.*, 908 F.Supp. 1019, 1048 (D.Mass.1995).

for violations of M.G.L. c. 214, § 1B, which prohibits unreasonable, substantial or serious interference with a person's privacy. That motion was allowed by endorsement on May 2, 2000.

Pedraza now seeks to amend his complaint in order to dismiss all pending federal claims. Such an amendment, in and of itself, would not prejudice the defendants because claims are merely being removed, not added. Therefore, Pedraza will be allowed to so amend and all of his federal claims will be dismissed with prejudice.

### B. Whether the case should be remanded to state court

■ Citing 28 U.S.C. § 1447(c) as support, Pedraza contends that once his federal claims are dismissed, this Court lacks subject matter jurisdiction and "must" remand the case to state court. Section 1447(c) provides, in relevant part, that

[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

28 U.S.C. § 1447(c). Under that statute, a plaintiff is entitled to a remand only if this Court lacks subject matter jurisdiction. However, that section applies to the testing of jurisdiction as of the time of removal, not later. *See Naragon v. Dayton Power & Light Co.,* 934 F.Supp. 899, 901 (S.D.Ohio 1996); 14C Wright, Miller, and Cooper, *Federal Practice and Procedure: Jurisdiction* 2d, § 3739.

In this case, at the time of removal, this Court acquired subject matter jurisdiction over the entire action due to the well-pleaded federal questions raised by the Title VII discrimination claims. This Court also gained supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367(a). Dismissal of Pedraza's federal claims does not, however, automatically divest this Court of jurisdiction. Section 1367(c) of Title 28 states, in relevant part, that

[t]he district courts *may decline* to exercise supplemental jurisdiction over a claim. . . if. . . the district court has dis-

missed all claims over which it has original jurisdiction.

28 U.S.C. § 1367(c) (emphasis added). Hence, although Pedraza is not entitled to a mandatory remand and his citation to § 1447(c) is unavailing, he *may* be entitled to remand under 28 U.S.C. § 1367(c).

■ Case law in the First Circuit Court of Appeals establishes that

[i]n a federal question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction, but, rather, sets the stage for an exercise of the court's informed discretion.

*Roche v. John Hancock Mutual Life Ins. Co.,* 81 F.3d 249, 256–257 (1st Cir.1996), *citing* 28 U.S.C. § 1367(c)(3). When making the decision to decline supplemental jurisdiction, the trial court "must take into account concerns of comity, judicial economy, convenience, fairness, and the like". *Roche,* 81 F.3d at 257.

While dismissal may sometimes be appropriate if the federal question is eliminated early in the proceedings, each case must be gauged on its own facts. The preferred approach is pragmatic and case-specific. Thus, in an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims.

*Id.* (citations and quotation marks omitted).

Therefore, as a general principle, the "unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims". *Rodriguez v. Doral Mortg. Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995). This result is not compelled by a lack of judicial power, as demonstrated by the discretionary language in § 1367(c). It signifies only that,

in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise

jurisdiction over the remaining state-law claims.

*Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350, n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

In *Roche,* the First Circuit affirmed the decision of the district court to retain state law claims after the federal claims had been dismissed. *Roche,* 81 F.3d at 256–257. In finding that the district court properly considered those state law claims despite the fact that it had disposed of the federal claim supporting original jurisdiction, the *Roche* court emphasized the following:

> The litigation had matured well beyond its nascent stages, discovery had closed, the summary judgment record was complete, the federal and state claims were interconnected, and powerful interests in both judicial economy and fairness tugged in favor of retaining jurisdiction.

*Id.* at 257.

This case is analogous to *Roche.* It was filed in Worcester Superior Court on January 13, 1999, more than 30 months ago. Substantial discovery has occurred, including document production and more than 12 depositions, and this Court has dealt with several motions relating to discovery disputes. A pretrial conference originally scheduled for February 8, 2001 was cancelled just before the scheduled date and will be rescheduled promptly given this Court's resolution of the pending motions.

### ORDER

For the foregoing reasons,

(1) Pedraza's Motion For Leave of Court to Take More than Twelve Depositions (Docket No. 25) is **DENIED,**

(2) Defendants' Cross–Motion for a Protective Order (Docket No. 28) is **DENIED as moot,**

(3) Pedraza's Motion to Compel Answers to Interrogatories in order to be able to Calculate Punitive Damages (Docket No. 30) is **DENIED,** and

(4) Pedraza's "Emergency Motion to Amend Complaint, Dismiss Federal Counts and Remand Entire Action to Worcester Superior Court" (Docket

No. 34) is **ALLOWED,** with respect to the amendment of the complaint and the dismissal of counts and **DENIED,** with respect to the request for remand.

The parties are directed to contact the Deputy Clerk promptly to reschedule the final pretrial conference.

**So ordered.**