Brenda L. CORMIER, Plaintiff,

v.

FUNTOWN/SPLASHTOWN USA, INC., et al., Defendants.

No. CIV.02–244–P–H.

United States District Court,
D. Maine.

Nov. 20, 2003.

Karen Frink Wolf, Michelle K. Giard, Friedman, Gaythwaite, Wolf & Leavitt, Portland, ME, for Brenda L Cormier, Plaintiff.

Nicole L. Lorenzatti, Moon, Moss, McGill, Hayes & Shapiro, P.A., Portland, ME, for Funtown/Splashtown U.S.A. Inc., Kenneth D Cormier, Defendants.

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, District Judge.

The United States Magistrate Judge filed with the court on September 23, 2003, with copies to counsel, his Amended Recommended Decision on Plaintiff's Motion to Dismiss. The time within which to file objections expired on October 10, 2003, and no objections have been filed. The Magistrate Judge notified the parties that failure to object would waive their right to *de novo* review and appeal.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED. The plaintiff's motion to dismiss Counts II through V of her Complaint and all counts of the counterclaim is GRANTED.

So ORDERED.

### AMENDED RECOMMENDED DECISION ON PLAINTIFF'S MOTION TO DISMISS

DAVID M. COHEN, United States Magistrate Judge.

The plaintiff, Brenda L. Cormier, moves to dismiss all but Count I of her complaint and all counts of the defendants' counterclaim on the grounds that this court lacks subject-matter jurisdiction over those claims. I reluctantly recommend that the court grant the motion.

### I. Applicable Legal Standard

The motion invokes Fed.R.Civ.P. 12(h)(3). Plaintiff's Motion to Dismiss Counts II–V of the Complaint and Counts I–V of Defendants' Counterclaim, etc. ("Motion") (Docket No. 14) at 1. That rule merely provides that the court shall dismiss an action when it appears that the court lacks jurisdiction of the subject matter. The substance of the plaintiff's motion, *id.* at 13–21, is concerned with 28 U.S.C. § 1367, which provides the federal district courts with supplemental or pendant jurisdiction over state-law claims. That statute states, in pertinent part:

(a) Except as provided in subsections (b) and (c) ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

\*　　\*　　\*　　\*　　\*　　\*

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C § 1367. On its face, subsection (c) of this statute does not deal with a lack of subject-matter jurisdiction. Rather, it provides a list of instances in which a federal district court may decline to exercise its subject-matter jurisdiction. Except to the extent that the plaintiff now contends that her state-law claims are so unrelated to her federal claim that they cannot be construed to form part of the same case or controversy, the plaintiff's motion should be considered in the context of this court's exercise of the discretion created by section 1367 and not in the context of case law discussing subject-matter jurisdiction.

### II. Factual Background

The complaint includes the following relevant factual allegations. Defendant Kenneth D. Cormier is the majority shareholder, president and chairman of the board of directors of defendant Funtown/Splashtown, U.S.A., Inc. ("Funtown"). Complaint (Docket No. 1) ¶¶ 2–3, 5. Kevin Cormier is the son of Kenneth D. Cormier and a minority shareholder and employee of Funtown. *Id.* ¶¶ 5, 9. The plaintiff is a minority shareholder of Funtown and was an employee of Funtown until May 25, 2001. *Id.* ¶¶ 6–7. The plaintiff was mar-

ried to Kevin Cormier from October 1983 to November 2001. *Id.* ¶ 8.

Funtown resulted from the merger of several companies, each of which operated separate attractions at 744 Portland Road, Saco, Maine. *Id.* ¶ 11. Each of the companies was owned and operated by different members of the family of Kenneth D. Cormier, who owned the land on which the attractions operated. *Id.* The plaintiff and Kevin Cormier owned Red Barron Amusements, which merged into Funtown in January 2000. *Id.* ¶ 12. The plaintiff and Kevin Cormier then became minority shareholders and employees of Funtown. *Id.* At a board of directors meeting on November 10, 1999 Kenneth D. Cormier and Funtown promised that each employee of the merging companies would keep the same job description and that each owner of the merging companies would continue to receive the same wages and benefits. *Id.* ¶ 14. The plaintiff agreed to the merger in reliance on this promise. *Id.*

The plaintiff worked at the amusement park that became Funtown for approximately 17 years. *Id.* ¶ 15. She was a member of the board of directors. *Id.*

On several occasions throughout the summer of 2000 Kevin Cormier attacked the plaintiff and injured her. *Id.* ¶ 16. On September 14, 2000 the plaintiff secured police protection and a court order preventing Kevin Cormier from further abusing her. *Id.* ¶ 17. Kevin Cormier was charged with assault and pleaded guilty to violating the conditions of his release on charges of domestic violence. *Id.* ¶ 18. Kenneth D. Cormier provided bail for Kevin Cormier. *Id.* ¶ 19. Following his arrest, Kevin Cormier continued to harass the plaintiff at Funtown. *Id.* ¶ 20. The plaintiff repeatedly complained to Kenneth D. Cormier about this harassment but her complaints were ignored. *Id.* ¶ 21. Instead, Funtown segregated the plaintiff, reduced her duties and responsibilities, re-

moved her from the board of directors and forced additional burdens and work on her. *Id.* ¶ 22. The plaintiff continued to complain about the conduct of Kevin Cormier and the retaliation. *Id.* ¶ 23. No corrective action was taken; the plaintiff's job was "threatened." *Id.* ¶ 24.

The conditions of the plaintiff's employment forced her to take a leave of absence in May 2001. *Id.* ¶ 25. During 2001 the plaintiff booked a number of group outings for Funtown for which she was not paid. *Id.* ¶ 27. Funtown refused to pay the plaintiff during her leave of absence, improperly calculated her commissions, eliminated her benefits and made false accusations against her. *Id.* ¶ 28. Funtown improperly diverted company property and funds to support Kevin Cormier. *Id.* ¶ 29. Funtown took these steps to force the plaintiff from her employment with the company and to compromise her interest in the company as a shareholder. *Id.* ¶ 30.

## III. Discussion

Count I of the complaint alleges discrimination in violation of 42 U.S.C. § 2000e, although the type of prohibited discrimination is not specified. *Id.* ¶¶ 33–41. The remaining counts allege violations of state law, specifically breach of fiduciary duty, intentional misrepresentation, breach of contract and violation of 26 M.R.S.A. § 626. *Id.* ¶¶ 42–59. The defendants' counterclaims assert state-law claims of breach of fiduciary duty, violation of confidential relations, conversion, slander and libel and failure to pay debts. Counterclaims (included in Defendants' Answer, Defenses and Counterclaims to the Complaint (Docket No. 2) beginning at p. 12) ¶¶ 24–53. The plaintiff seeks dismissal of the state-law claims included in her complaint and all counts of the counterclaim. Motion at 1.

The plaintiff first asserts that "it is inevitable that Defendants will file a motion for summary judgment" with respect to Count I, the only count alleging a federal cause of action, and, if that motion is granted, this court will be left "in the unenviable and injudicious position of having nine state law counts for which [sic] it must hear or dismiss without prejudice to a more appropriate jurisdiction—state court." Motion at 8. This potential outcome, she argues, justifies dismissing her state-law claims now. *Id.* at 9. Unless and until the defendants file such a motion, and unless and until it is granted, there is no basis for consideration of the propriety of retaining jurisdiction over the state-law claims in the absence of any claim based on federal law in this action. The plaintiff's argument in this regard is based on nothing more than speculation and will not be considered further.

 The plaintiff next contends that her state-law claims do not arise out of a nucleus of operative fact common to those claims and her Title VII federal claim, and that this court accordingly lacks subject matter jurisdiction over the state-law claims for that reason.[1] *Id.* at 15–17. She relies on this court's decision in *Learnard v. Inhabitants of the Town of Van Buren,* 182 F.Supp.2d 115 (D.Me.2002), to support her position. *Id.* A federal court's supplemental jurisdiction over claims arising under state law

is limited to "claims that are so related to claims in the action within [the federal court's] original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). The Court only has the authority to address those claims that relate to the same "nucleus of operative fact" as the federal ... claim. *[United Mine Workers v.] Gibbs,* 383 U.S. [715,] 725, 86 S.Ct. 1130[, 16 L.Ed.2d 218 (1966)].

*Learnard,* 182 F.Supp.2d at 126. Dismissal of state-law claims on this basis is appropriate when the facts and witnesses as to the state and federal claims are essentially different. *Serrano–Moran v. Grau–Gaztambide,* 195 F.3d 68, 70 (1st Cir.1999).

In *Learnard,* the plaintiff's employment was terminated by the defendant town. 182 F.Supp.2d at 120–21. The complaint alleged violation of his federal due process rights and the Maine Civil Rights Act, and asserted several state common-law claims as well. *Id.* at 121. The court granted the defendants' motion for summary judgment on the sole federal claim. *Id.* at 126. The defendants then asked that the court decide the state-law claims, rather than dismissing them as it would "ordinarily" do. *Id.* The court found that the claims of violation of the Maine Civil Rights Act and the torts of civil conspiracy, defamation, intentional infliction of emotional distress and invasion of privacy "all rely at least partially on facts other than the ... termi-

---

1. Why this crucial distinction between her federal and state claims was not apparent to the plaintiff when she filed her complaint, or at any time in the succeeding eight months before she filed this motion, remains a mystery. Her statement that she "believed in good faith" at the time of filing that the state claims were properly before this court and that "[a]s the investigation of this case has continued ... it now appears that this Court does not have jurisdiction" over the state claims, Plaintiff's Reply Memorandum in

Support of Its [sic] Motion to Dismiss, etc. ("Reply") (Docket No. 19) at 2, rings hollow given the lack of any indication in the materials submitted in connection with the motion that any specific facts relevant to this issue were unknown to the plaintiff at the time the complaint was filed. Nonetheless, this court must always address the question of its subject-matter jurisdiction, whenever the question is raised. *Pathak v. Department of Veterans Affairs,* 274 F.3d 28, 31 n. 5 (1st Cir. 2001).

nation proceedings" that were the subject of the federal claim and dismissed them as arising from a difference nucleus of operative fact from that giving rise to the federal claim. *Id.* at 127. While it found that the sole remaining claim, an allegation of wrongful discharge under state law, did arise from a common nucleus of operative fact, this court also dismissed that claim under section 1367(c)(1) as raising a novel or complex issue of state law. *Id.* at 127–28.

The defendants argue that *Learnard* is distinguishable because the state-law claims were dismissed only after summary judgment had been granted on the sole federal claim.[2] Defendants' Opposition to Plaintiff's Motion to Dismiss Counts II–V of Plaintiff's Complaint, etc. ("Opposition") (Docket No. 17) at 10. However, that distinction makes no difference in terms of the application of *Learnard* to the instant case; the court's analysis of its subject-matter jurisdiction over the state-law claims in *Learnard* was independent of the fact that judgment would be granted on the sole federal claim. The court had to determine whether it had subject-matter jurisdiction over those claims before it could deal with the defendants' request that it retain jurisdiction in contravention of its usual practice under the circumstances. That analysis is directly applicable to the circumstances now before the court in the instant case.

■ The nature of the discrimination that forms the basis of Count I of the complaint is not specified in the complaint, but the plaintiff's characterization of that count as "aris[ing] out of sexual harassment perpetrated by Funtown/Splashtown through its agents and employees, and its retaliation against [the plaintiff] in response to her complaints," Motion at 8, is the most logical statement of that basis given the specific factual allegations in the complaint. As was the case in *Learnard,* state-law claims of breach of fiduciary duty, intentional misrepresentation, breach of contract and withholding of wages, Complaint ¶¶ 42–59, rely significantly on facts not involved in determination of the discrimination claim. From all that appears, the witnesses may essentially be different on the state and federal claims as well. While it is regrettable at this late stage, I conclude that the plaintiff's state-law claims in this case do not arise from a nucleus of operative facts sufficiently common to those giving rise to her federal claim to allow this court to exercise jurisdiction over them. *See generally Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1175–76 (1st Cir.1995). Accordingly, I recommend that the motion be granted as to Counts II–V of the complaint.[3]

---

**2.** The defendants also contend that "[t]he *Learnard* Court dismissed the state law claims because it believed the state courts should first define the contours of a previously unaddressed legal issue." Opposition at 10. That is an incorrect characterization of the opinion in *Learnard.* It was only *after* the court had determined that it lacked subject-matter jurisdiction over all but one of the state-law claims that it addressed the question whether it should exercise its discretion to decline to exercise its jurisdiction over that single remaining claim because the claim raised an issue that had not been addressed by the Maine courts. 182 F.Supp.2d at 127–28. It

is what the court did *before* addressing that final claim that is relevant here.

**3.** The parties devote considerable effort to discussing the fact that the plaintiff has filed an action in state court asserting a claim under a state statute that took effect after the complaint in this case was filed and reasserting, *inter alia,* the claims asserted in Counts II–V of the complaint in this case. Motion at 9–10, 18–20; Opposition at 2, 9, 11–13; Reply at 1–3 & Exh. A. The existence of this action is irrelevant to the question whether this court has subject-matter jurisdiction over the state-law claims asserted.

■ The defendants contend that the motion must be denied because it fails to comply with Fed.R.Civ.P. 15(a) and 41(a)(2). Opposition at 3–5. Those rules deal with amendment of a complaint and voluntary dismissal of all claims asserted against a particular defendant. Neither is applicable when the question before the court is the court's subject-matter jurisdiction over a specific claim, which, as I have already noted, is a matter that the court must address whenever during the proceedings it is raised. A court cannot act where it does not have jurisdiction over the subject matter, regardless of the existence of counterclaims or the fact that the claims over which it does not have such jurisdiction happen to be all of the claims asserted against one of the defendants initially named.[4]

■ Dismissal of the plaintiff's state-law claims does not mean automatic dismissal of the state-law counterclaims as well, however. While a separate analysis is required, the result is the same. The counterclaims assert state-law claims of breach of fiduciary duty, violation of confidential relations, conversion, slander and libel and failure to pay debts. Counterclaim ¶¶ 24–53. For the reasons already stated, none of these claims arises out of a common nucleus of operative fact with the plaintiff's federal claim. Nor is any of the counts of the counterclaim compulsory. *Maritimes & Northeast Pipeline, L.L.C. v. 16.66 Acres of Land,* 190 F.R.D. 15, 17–18 (D.Me.1999). The court lacks subject matter jurisdiction over the claims asserted in the counterclaim as well.

## IV. Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion to dismiss Counts II–V of her complaint and all counts of the counterclaim be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated: Sept. 9, 2003.

---

4. Considerations of comity, judicial economy, convenience and fairness, invoked by the defendants, Opposition at 6, 13–16, arise only after the court has determined that it has subject-matter jurisdiction over state-law claims and is deciding whether to decline to exercise that jurisdiction under section 1367(c), *Pedraza v. Holiday Housewares, Inc.,* 203 F.R.D. 40, 44 (D.Mass.2001).