352 F.Supp.2d 161 (2004)
Luis E. MALDONADO, et al. Plaintiffs
v.
PUERTO RICO INDUSTRIAL MANUFACTURING OPERATION CORPORATION (PRIMO); Puerto Rico Industrial Manufacturing Operation Acquisition Corporation; Dunn Computer Corporation; Steel Cloud, Inc.; Thomas P. Dunne; Kevin Murphy and Insurance Company A, B, C, and D Defendants
No. CIV. 04-1735 CCC.
United States District Court, D. Puerto Rico.
November 18, 2004.
*162 Marshal D. Morgan, for Plaintiffs.
Richard Schell-Asad, Francisco M. Troncoso-Cortes, Edward J. Tolchin, for Defendants.

REMAND ORDER AND JUDGMENT
CEREZO, District Judge.
For the reasons stated in the Order issued on this same date, the Clerk of Court shall remand this case to the Court of First Instance of the Commonwealth of Puerto Rico, Superior Section, San Juan Part. Judgment is also entered closing the same for statistical purposes.
SO ORDERED AND ADJUDGED.

REMAND ORDER
Before the Court is a Motion to Remand filed by plaintiffs on August 18, 2004 (docket entry 8). This is an action for wrongful discharge brought under the summary proceeding established by Law No. 2 of October 17, 1961, 32 L.P.R.A. §§ 3118, et. seq. This statute provides for the expedited handling and adjudication of claims for benefits by any employee who alleges that he was terminated without just cause. Defendants filed their opposition to remand (docket entry 14) and a motion to dismiss (docket entry 11) in which they allege that plaintiffs' second, third and seventh causes of action were preempted by the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a). The latter motion is based on the argument that ERISA supersedes any State law that may relate to any employee benefit plan and that the claims for vacation leave, severance pay and Christmas bonus in the second, third and seventh causes of action "plainly concern employee welfare benefit plans and are preempted." Memorandum in Support of Motion to Dismiss (docket entry 12), at p. 6.
While the remand discussion was ongoing, plaintiffs filed a Notice of Voluntary Dismissal of All Federal Causes of Action in Accordance With Rule 41(a)(1) (docket entry 22) which complied with all the requirements of said rule. The Court has entered partial judgment dismissing those claims. Defendants countered by characterizing the voluntary dismissal as a subterfuge. Subsequent to this notice of voluntary dismissal, plaintiffs urged that the Court was bound by the theory of mandatory remand, relying on Bailey v. Wal-Mart Stores, Inc., 981 F.Supp. 1415 (N.D.Ala.1997), which held that if changes subsequent to removal result in a loss of subject matter jurisdiction, no discretion remains in the federal court to retain jurisdiction and remand becomes automatic. In footnote 3 of its Reply to Defendants' Opposition to Motion to Remand (docket entry 27), plaintiffs cite Fent v. Oklahoma Water Resources Bd., 235 F.3d 553 (10th Cir.2000) and related cases[1] in further *163 support of a mandatory remand following dismissal of the federal causes of action.
Defendants countered with Millar v. Bay Area Rapid Transit Dist., 236 F.Supp.2d 1110 (N.D.Cal.2002), and Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 44 (D.Mass.2001), which determined that a 28 U.S.C. § 1447(c) remand for lack of subject matter jurisdiction applies "to the testing of jurisdiction as of the time of removal, not later." Both parties have also made an analysis for and against a discretionary remand, which includes the preemption issue.
The Court does not take a position on whether a 28 U.S.C. § 1447(c) remand is mandatory since all of the criteria relevant to the circumstances of this case, under a discretionary remand analysis, lead to the return of the case to the Commonwealth jurisdiction. The Court of Appeals for the First Circuit in Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir.1996), observed that the "preferred approach" for the exercise of the Court's informed discretion in deciding whether or not to retain jurisdiction after the early dismissal of the federal claim is "pragmatic" and "case-specific." The Court observed that "the trial court must take into account concerns of comity, judicial economy, convenience, fairness, and the like." Id. One of the particular concerns in this case is whether three of plaintiffs' claims, to wit: claims 2, 3 and 7, are preempted by ERISA, a matter raised in the motion to dismiss. The preemption factor must be resolved as one of the remand practical concerns, for it would neither be convenient nor serve comity and judicial economy if those three claims were preempted by federal law yet sent to the Commonwealth court for adjudication. Defendants are correct in averring that this burden should not be shifted to the local court. However, after a careful review of the allegations contained in those three causes of action and the case law, the Court is convinced that ERISA's preemption provision does not apply.
The defendant employer in this case, like the employer in Fort Halifax Packing Co. Inc. v. Coyne, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), argues that since the claims for severance and vacation benefits are included in ERISA, see 29 U.S.C. § 1002(1), then ERISA preempts the claims brought under Puerto Rico law. We must note at the outset that none of the parties have argued that there is a pre-existing employee benefit plan. The issue is whether Puerto Rico law establishes a benefit plan or imposes requirements that implicate the regulatory concerns of ERISA. As Fort Halifax advises, the ERISA preemption analysis is framed on the purpose of Congress in prompting preemption. This is clearly stated at p. 2217 of the opinion: "Congress intended pre-emption to afford employers the advantage of a uniform set of administrative procedures governed by a single set of regulations." However, "[t]his concern only arises ... with respect to benefits whose provision by nature requires an ongoing administrative program to meet employer's obligation." Id. The Court found that the obligation of the Maine statute requiring employers to provide employees a one-time severance payment generated no administrative activity which was potentially subject to employer abuse, no disclosure or reporting requirements, no fiduciary duties and no need for exclusive federal regulation. The Court characterized the statutory obligation as requiring only a "one-time, lump-sum payment triggered *164 by a single event [which] requires no administrative scheme whatsoever to meet the employer's obligation." Id., at p. 2218. As in Fort Halifax, the payment of vacation and severance benefits and of the Christmas bonus is predicated on the occurrence of a single contingency which involves little more than a single set of payments should the employee prevail in this case in his claims under State law.
In Massachusetts v. Morash, 490 U.S. 107, 109 S.Ct. 1668, 1673, 104 L.Ed.2d 98 (1989), the Court concluded that "[b]ecause ordinary vacation payments are typically fixed, due at known times, and do not depend on contingencies outside the employee's control, they present none of the risks that ERISA is intended to address." It explained that "the extension of ERISA to claims for vacation benefits would vastly expand the jurisdiction of the federal courts, providing a federal forum for any employee with a vacation grievance." Id., at p. 1675. It further observed that "[t]he States have traditionally regulated the payment of wages, including vacation pay" and that "[a]bsent any indication that Congress intended such far-reaching consequences, we are reluctant to so significantly interfere with `the separate spheres of governmental authority preserved in our federalist system.'" Id. (quoting Fort Halifax, 107 S.Ct. at p. 2221).
The Puerto Rico statutes on which plaintiffs base their complaint is precisely such an attempt by the Commonwealth to address the social and economic problems confronted by employees who seek the summary proceeding provided by Law No. 2 of October 17, 1961, 32 L.P.R.A. §§ 3118, et. seq. for the adjudication of their wages and related benefits claimed after what they allege to be an illegal discharge. The mechanism is a simple procedure which shortens all terms and guarantees prompt disposition of claims for salaries, vacations, severance payments, and the like, without interfering or conflicting with the ERISA regulated sphere.
All the other indicators equally point toward remand and a decline of jurisdiction over the remaining state law claims. This litigation has just commenced, the complaint having been filed on June 4, 2004 and removed to this court on July 19, 2004 (docket entry 1). None of the milestone deadlines and settings (e.g. discovery deadline, pretrial, settlement and trial dates) established in the Case Management Order entered on August 4, 2004 (docket entry 3) has passed, nor it appears that any discovery has been conducted. More so, the Commonwealth court will entertain the state law claims in summary fashion as instructed by local law. In sum, we are convinced that the concerns of comity, judicial economy, convenience, fairness, and the like present in this case suggest that the remaining claims be remanded to the Commonwealth court, and so we now do.
Accordingly, and for the reasons stated, the Motion to Remand filed by plaintiffs on August 18, 2004 (docket entry 8) is GRANTED. A Remand Order will be entered returning this case to the Court of First Instance of the Commonwealth of Puerto Rico, Superior Section, San Juan Part.
SO ORDERED.
NOTES
[1] In re Medscope Marine Ltd., 972 F.2d 107, 109 (5th Cir.1992) stated categorically that the second sentence of 28 U.S.C. § 1447(c) "commands the remand upon discovery of lack of subject matter jurisdiction."